In re James & Irene SHEETS, Debtors.

Richard P. VULLO, Trustee in
Bankruptcy for James and
Irene Sheets, Plaintiff,

v.

James and Irene SHEETS, Defendants.

Bankruptcy Nos. 82–20521, 83–2173A.

United States Bankruptcy Court,
W.D. New York.

Jan. 27, 1987.

Richard P. Vullo, Rochester, N.Y., trustee in the Sheets Bankruptcy.

Philip F. Spahn, Jr., Rochester, N.Y., for defendants.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

The debtors, James and Irene Sheets, filed a joint petition under § 302 of the Bankruptcy Code to commence this voluntary Chapter 7 case on May 4, 1982. On May 24, 1982, a trustee in bankruptcy was appointed. The trustee commenced this adversary proceeding on August 19, 1983 to determine what interest, if any, the debtors have in the proceeds of two pre-petition personal injury actions settled post-petition.

The facts, as stipulated, are these. In Schedule B–2 of their bankruptcy petition, the debtors listed contingent and unliquidated claims consisting of two personal injury actions then pending in State Court. The first action, *James and Irene Sheets v. Zutes, Inc.*, was in the sum of $150,000. The second action, *Irene Sheets v. Frank and Donna Sheets*, was in the sum of $25,000. The debtors also indicated by their petition that they had elected[1] the property exemptions available to them under New York State law. Pursuant to the State exemption laws then in effect, the debtors exempted out of the bankruptcy estate their personal injury actions. The trustee filed objections to the claims of exemption on June 22, 1982, but before the objections were ruled on the two lawsuits were settled.

---

1. At the commencement of the case (May 4, 1982), the debtors had the option of electing either Federal or State property exemptions. Beginning September 1, 1982, the exemption election was no longer available to New York debtors inasmuch as Article 10–A of the New York Debtor and Creditor Law, entitled "Personal Bankruptcy Exemptions," became effective. The enactment of Article 10–A, and specifically § 284 thereof, preempted the use by New York debtors of the Federal bankruptcy exemptions. N.Y. Debt. & Cred. Law § 284 (McKinney 1945).

The case of *James and Irene Sheets v. Zutes, Inc.*, was settled for a gross sum of $40,000 of which the debtors received $23,685 jointly. The case of *Irene Sheets v. Frank and Donna Sheets*, was settled for a gross sum of $25,000 of which Irene Sheets received $16,427. Entitlement to these personal injury recoveries is at the heart of this adversary proceeding.

█ Property of the bankruptcy estate is determined as of the commencement of the case.[2] Bankruptcy exemptions are also determined as of the commencement of the case. The following excerpt, still good law, states the rule:

> When the law speaks of property which is exempt and of rights to exemptions, it, of course, refers to some point in time. In our opinion this point in time is the one as of which the general estate passes out of the bankrupt's control, and with respect to which the status and rights of the bankrupt, the creditors and the trustee in other particulars are fixed.... [O]ne common point of time is intended

and that [ ] is the date of the filing of the petition.

*White v. Stump*, 266 U.S. 310 at 313, 45 S.Ct. 103 at 104, 69 L.Ed. 301 (1924).

Thus, it is necessary to look to the commencement of the case to determine first, what is included as property of the estate and second, what may be excluded from the bankruptcy estate under applicable exemption law.

In this case, the debtors' personal injury actions became property of the estate in the first instance.[3] However, under the New York property exemptions elected by the debtors, these personal injury actions could be, and were, exempted out of the bankruptcy estate.[4] Under the rule of *White v. Stump, supra,* the inclusion in, and exemption from, the bankruptcy estate of the debtors' personal injury actions occurred simultaneously as of the commencement of the case. Having been exempted out of the bankruptcy estate, these lawsuits were removed from the dominion and

---

**2.** "[T]he critical time as of which the property comprising the estate is to be determined, and the rights of others connected with the proceeding adjusted, is the date upon which the petition is filed." 4 Collier on Bankruptcy ¶ 541.04 (15th ed. 1986).

Section 541(a)(1) of the Code states:
(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
(1) ... all legal or equitable interests of the debtor in property *as of the commencement of the case.* (emphasis added).
11 U.S.C. § 541(a)(1).
The Court of Appeals for the Second Circuit has confirmed that,
"The Code broadly defines 'all legal or equitable interests of the debtor in property' at the commencement of the case as property of the debtor's estate in bankruptcy."
*Regan v. Ross,* 691 F.2d 81 at 83 (2nd Cir.1982).

**3.** "Under the Code ... *all* rights of action of the debtor become property of the estate pursuant to section 541(a)(1)." (emphasis in original) (footnote omitted).

**4.** 4 Collier on Bankruptcy ¶ 541.10 (15th ed. 1986). Under New York law, any property interest which by law may be assigned or transferred, is subject to execution by judgment credi-

tors. Section 5201(b) of the Civil Practice Law and Rules states in pertinent part that,
"A money judgment may be enforced against any property which could be assigned or transferred, whether it consists of a present or future right or interest and whether or not it is vested...."
N.Y. CPLR § 5201(b) (McKinney 1978).
Most property interests may be assigned or transferred. The most significant interest which may not be assigned or transferred is a cause of action for personal injury. D. Siegel, New York Practice, § 482 (1978). The proscription on the aliening of personal injury actions existed at common law and is now codified as § 13–101 of the General Obligations Law which states in pertinent part that,
"Any claim or demand can be transferred except in one of the following cases:
1. Where it is to recover damages for a personal injury; ..."
N.Y.G.O.L. § 13–101(1) (McKinney 1978).
Taken together, § 13–101 of the General Obligations Law and § 5201(b) of the Civil Practice Law and Rules dictate that personal injury actions are exempt from creditor process. Since a personal injury action is exempt from creditor process under New York law, it may also be exempted from the satisfaction of obligations in bankruptcy by debtors who, as here, have elected State property exemptions pursuant to § 522(b)(2)(A) of the Bankruptcy Code.

control of the trustee. To the extent that they were exempted out, any proceeds resulting from them did not become property of the estate. Even assuming that recoveries on a personal injury action constitute "proceeds" within the meaning of 11 U.S.C. § 541[5], neither statute nor legislative history require the proceeds of these personal injury actions to become property of the bankruptcy estate. The following cases are illustrative.

In the case of *Bradt v. Woodlawn Auto Workers F.C.U.*, 757 F.2d 512 (2nd Cir. 1985), the Second Circuit decided that a casualty insurance payment arising out of post-petition damage to *non-exempt* property constituted proceeds of estate property that had to be relinquished to the trustee. The opposite conclusion was reached in *Payne v. Wood*, 775 F.2d 202 (7th Cir.1985). In *Payne*, the debtor received a casualty insurance payment in connection with post-petition property damage to furniture, dishes and small appliances that had been declared exempt. The Court decided that because the insurance payment arose out of damage to property which had previously been declared exempt, the payment did not constitute proceeds of estate property. Once the furniture, dishes and appliances were exempted out of the bankruptcy estate, they resumed their character as property of the debtor for *all* intents and purposes. The key factor distinguishing the two cases is that the proceeds in *Bradt* derived from non-exempt property while those in *Payne* derived from exempt property. Since in *Payne*, but not *Bradt*, the damaged property had been exempted out of the bankruptcy estate, the post-petition casualty recovery did not constitute pro-

ceeds of estate property and did not become property of the bankruptcy estate.

■ Turning to the present controversy, we find that the debtors listed as personal property the two lawsuits pending in State Court as of the commencement of the case. Under § 541(a), these lawsuits became property of the bankruptcy estate. Simultaneously, the debtors indicated that they had elected the bankruptcy exemptions available to them under New York law and exempted out of the bankruptcy estate their personal injury actions. At that moment, the composition of the bankruptcy estate was fixed. Property exempted out of the bankruptcy estate resumed its character as property of the debtors. Non-exempt property fell under the control of the trustee. Likewise, the proceeds of non-exempt property remained property of the estate by force of § 541(a)(6) whereas proceeds of exempt property, such as the personal injury recoveries here, became property of the debtors. By exempting their lawsuits out of the bankruptcy estate, the debtors, and not the trustee, became entitled to any recoveries which might result from them.

■ The trustee argues that the recoveries from the debtors' personal injury actions should be turned over to him. The trustee argues that while personal injury actions are, themselves, exempt from creditor process under New York law, the proceeds of such actions are not and accordingly, that these recoveries should not be exempt from the claims of creditors in bankruptcy. However, the trustee's position ignores the fundamental consideration that in bankruptcy only property brought into the estate can satisfy the claims of

---

**5.** Section 541(a)(6) of the Code states:
(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

.     .     .     .     .

(6) *Proceeds*, products, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case. (emphasis added).

.     .     .     .     .

11 U.S.C. § 541(a)(6).
The legislative history regarding § 541(a)(6) states that,
"The conversion in form of property of the estate does not change its character as property of the estate." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6324.

creditors. In this case, the proceeds from the debtors' exempt personal injury lawsuits did not become property of the bankruptcy estate because they came from property exempted from the estate and neither the reach nor the grasp of the trustee can now transform them into estate property for distribution among creditors.

The application of the trustee for a turnover order is, accordingly, denied.