**In re Scott NICHOLSON, Debtor.**

**James B. DOYLE, Trustee, Plaintiff,**

**v.**

**Richard T. WILLIAMS II, Defendant.**

**Bankruptcy Nos. 87–21152, 87–2092A.**

United States Bankruptcy Court,
W.D. New York.

Sept. 14, 1988.

James B. Doyle, Rochester, N.Y., trustee.

Richard P. Vullo, Rochester, N.Y., for Richard T. Williams II.

Richard T. Williams II, Rochester, N.Y., pro se.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

This case was commenced on August 26, 1987, by the filing of a voluntary petition in Chapter 7. On November 20, 1987, the bankruptcy trustee commenced an Adversary Proceeding pursuant to 11 U.S.C. § 542 for an Order requiring the Defendant to turnover one half the surplus proceeds from a sale of the Debtor's erstwhile marital residence. The Defendant filed an answer timely, but neither party submitted a brief. The parties have stipulated to facts, a summary of which follows.

On November 18, 1980, the Debtor and his spouse recorded a deed to real property located at 471 Ridge Road, Webster, New York. The property was their marital abode and they resided in it as tenants by the entirety. On December 1, 1985, the Debtor commenced a divorce action in State Court. On February 26, 1986, the spouse moved in the matrimonial proceeding for an Order awarding temporary support. An Order of Temporary Support issued on April 25, 1986.

On March 31, 1987, the Ridge Road property was sold for $51,500.00. After various liens against the property were satisfied, and the Debtor and his spouse paid $2,000.00 each, net proceeds of $20,454.59 remained. Pursuant to a preliminary agreement, the proceeds were deposited by the Defendant in an interest bearing account (the "account") pending final distribution pursuant to the terms of a property settlement or as directed by the divorce court. The account was established in the name of Richard T. Williams II, an attorney and Defendant herein, for the benefit of the Debtor and the Debtor's spouse.

On August 26, 1987, the divorce court directed the Debtor to pay $1,500.00 in temporary support arrears. That same day the petition in this case was filed. On September 4, 1987, $1,500.00 was withdrawn from the account, presumably to satisfy the divorce court's August 26th Order.

On October 18, 1987, a Motion was made in the matrimonial proceeding for additional support. The Trustee argued futilely that the funds belonged to the bankruptcy estate, and on October 28, 1987, the divorce court ordered that $1,644.65 be paid out of the account. Commencement of this Adversary Proceeding and direct appeal of the State Court Order followed. The issue presented is whether one half the sum on deposit is property of the bankruptcy estate which must be turned over to the Trustee.

Under section 541, an estate is created as of the commencement of a bankruptcy case. *In re Sheets*, 69 B.R. 542, 543 (Bkrtcy.W.D.N.Y.1987). The estate consists of all legal and equitable interests held by the Debtor wherever located and by whomever held. 11 U.S.C. § 541(a)(1). The scope of section 541(a) is very broad, save exceptions not applicable here. H.R. Rept. No. 95–595, 95th Cong. 1st Sess. p. 367 (1977) U.S.Code Cong. & Admin.News 1978, p. 5787; *In re Brown*, 734 F.2d 119, 123 (2nd Cir.1984); *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 204–05, 103 S.Ct. 2309, 2313, 76 L.Ed.2d 515, 521–22 (1983). Included among the interests which become property of the estate are those which, as here, are contingent. *Brown, supra*. Accordingly, the Court concludes that the Trustee holds interest in a portion of the proceeds provisionally placed on deposit pending final distribution in the matrimonial proceeding. *In re Ford*, 78 B.R. 729, 735 (Bkrtcy.E.D.Pa.1987). Whether the Trustee's interest is sufficient to require turnover of one half the sum on deposit is an issue determinable by application of State law. 4 Collier on Bankruptcy ¶ 541.02 (15th Ed.1987).

Under State law, the Debtor may be compelled to forfeit all or part of his interest in the sum on deposit. N.Y.Dom.Rel.Law § 236(B)(5) (Consol.1987). Alternatively, the Debtor may voluntarily relinquish all or part of his interest in the funds by agree-

ing to the terms of a property settlement. N.Y.Dom.Rel.Law § 236(B)(3) (Consol. 1987). Pending either outcome, the proceeds, being the fruits of jointly owned property, are owned in unquantifiable part by the Debtor's spouse. The Debtor has no right to use or possess the fund, N.Y. Dom.Rel.Law § 234 (Consol.1987), and the Trustee's right to use or possess the fund is conditioned upon his adequately protecting the holders of competing interests. 11 U.S.C. § 363(e); *Ford, supra* at 735–36.

Under section 363(e)[1], the Trustee's use of estate property in which another entity holds interest is conditioned on the competing interest being adequately protected. Here, the Debtor's spouse holds a presently unquantifiable interest in the sum on deposit. Accordingly, she should be adequately protected for the Trustee's use of any portion of the fund which she is ultimately found to own. Since the Trustee has not offered her adequate protection, he is not entitled to a turnover of one half the sum. *Ford, supra.*

The denial of the Trustee's request for turnover should not be read as license to deplete the sum on deposit. As discussed above, the Debtor and his spouse each hold an unquantifiable interest in the fund. Their respective interests will be reduced to sums certain in the matrimonial proceeding, at which time the Debtor's share must be turned over to the Trustee.

In the meantime, the account, as constituted on the filing date, should be held in suspense by the Defendant. No payment should be made out of the account in satisfaction of the Debtor's support obligations. Further, the $1,500.00 withdrawn on the filing date, and any withdrawal made since, in satisfaction of support arrears should be restored to the account.

The post-petition support payments are debts not subject to this bankruptcy proceeding. Accordingly, the Debtor's spouse may use any State law remedy, not incon-sistent with this opinion, to satisfy the obligation. The pre-petition support arrears, on the other hand, are debts which are subject to this proceeding. Accordingly, satisfaction of the arrears, voluntarily or otherwise, in preference over other obligations is prohibited by bankruptcy law. 11 U.S.C. §§ 547(b), 549(a).

To summarize, the Debtor's unliquidated, contingent *interest* in the sale proceeds became part of the bankruptcy estate. The proceeds did not. The Debtor's interest has not been reduced to a sum certain because a final distribution has not been agreed to by the parties in the matrimonial proceeding or ordered by the divorce court. Since this Court cannot forecast the distribution that will ensue, it will not, without the offer of adequate protection, direct the Defendant to turnover monies which may be owned by the Debtor's spouse. The Trustee is entitled, however, to an accounting of all disbursements made from the account pending final distribution of the proceeds, as well as a turnover of proceeds ultimately found to be owned by the Debtor. Additionally, the Defendant is directed to maintain the account in suspense pending final distribution in the matrimonial proceeding. Finally, the Trustee is instructed to recover as preferential any transfer made out of the account in satisfaction of the Debtor's support obligation, holding same in suspense pending further Order of this Court, and it is so ordered.

## ORDER

At Rochester, New York in the said District on the 14 day of September, 1988.

In accordance with the attached Findings of Fact and Conclusions of Law, it is hereby

ORDERED that the request for a turnover of one half the surplus proceeds from the sale of the marital residence is denied, and it is further

---

1. The statute reads,

Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest.
11 U.S.C. § 363(e).

ORDERED that the request for an accounting of all disbursements made from the account is granted, and it is further

ORDERED that the Defendant shall maintain the account in suspense pending final distribution in the matrimonial proceeding, and it is further

ORDERED that the Trustee may initiate an action to recover monies paid out of the account to the Debtor's spouse, and it is further

ORDERED that the Debtor's interest in the account as determined by the matrimonial court shall be payable to the Trustee for distribution in the bankruptcy estate.