**Charlotte A. JAJUGA and Stanley Jajuga, Appellants–Plaintiffs,**

v.

**David LUKENS, M.D., Appellee–Defendant.**

No. 49A02–9304–CV–156.

Court of Appeals of Indiana,
Third District.

March 21, 1994.

Robert A. Zaban, Indianapolis, for appellants-plaintiffs.

Kevin Charles Murray and Dirk Wallsmith, Locke Reynolds Boyd & Weisell, Indianapolis, for appellee-defendant.

HOFFMAN, Judge.

Appellants-plaintiffs Charlotte A. Jajuga and Stanley Jajuga appeal the trial court's decision awarding summary judgment in favor of David Lukens, M.D., in a proposed medical malpractice action finding the Jajugas to be lacking standing because of a concluded bankruptcy matter.

The facts relevant to the appeal disclose that on November 12, 1991, the Jajugas filed a voluntary joint petition for relief under Chapter 7 of the United States Bankruptcy Code. A medical malpractice claim was listed as an asset on Schedule B of the Jajugas' petition under contingent and unliquidated claims, with an assigned value of one dollar. The medical malpractice claim was also listed on Schedule C as an exempt asset. On November 14, 1991, a trustee was appointed to administer the bankruptcy estate. Thereafter, the United States Bankruptcy Court judge entered an order in no assets case, dismissing the Chapter 7 trustee from his trust, and abandoning the scheduled property. The bankruptcy court entered a discharge order on March 19, 1992.

On November 15, 1991, the Jajugas filed their proposed medical malpractice complaint, pursuant to IND.CODE § 16–9.5–9–2,[1] with the Indiana Department of Insurance. The proposed complaint alleges that Charlotte Jajuga received medical care and treatment from Lukens and that such care was below the appropriate standard. On February 11, 1993, Lukens filed a motion for summary judgment in the Marion Circuit Court, moving for the dismissal of the Jajugas' proposed medical malpractice complaint on the basis that the Jajugas lacked standing to bring an action against him.[2] Subsequently, the court granted summary judgment for

---

1. IND.CODE § 16–9.5–9–2 was repealed by P.L. 2–1993, SEC. 209, effective July 1, 1993, now see IND.CODE § 27–12–8–1 et seq.

2. The Medical Malpractice Act provides that, prior to the time the review panel renders an opinion as to a proposed medical malpractice complaint, a court has limited jurisdiction to: "(1) preliminarily determine any affirmative defense or issue of law or fact that may be preliminarily determined under the Indiana Rules of Procedure; or (2) compel discovery in accordance with the Indiana Rules of procedure; or (3) both." IND.CODE § 16–9.5–10–1, see now IND. CODE § 27–12–11 et seq.

Lukens. The Jajugas now appeal the summary judgment.

■ The purpose of summary judgment is to terminate litigation for which there can be no factual dispute and which can be determined as a matter of law. *Chambers v. American Trans Air, Inc.* (1991), Ind.App., 577 N.E.2d 612, 614, *trans. denied.* Summary judgment is appropriate if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *State Bd. of Tax Com'rs v. New Energy Co.* (1992), Ind.App., 585 N.E.2d 38, 39, *trans. denied.*

■ The instant case involves no factual dispute. The issue of law presented is whether the Jajugas have standing to file their proposed medical malpractice complaint. More specifically, whether they have a present interest in the cause of action. The judicial doctrine of standing focuses on whether the complaining party is the proper person to invoke the court's power; it is designed to assure that litigation will be actively and vigorously contested. *Schloss v. City of Indianapolis* (1990), Ind., 553 N.E.2d 1204, 1206. To invoke the court's jurisdiction, a plaintiff must demonstrate a personal stake in the outcome of the lawsuit and show that he has sustained or was in immediate danger of sustaining a direct injury as a result of the conduct at issue. *Id., citing Higgins v. Hale* (1985), Ind., 476 N.E.2d 95, 101.

■ The Bankruptcy Code provides that the bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Thus, the Jajugas' cause of action for medical malpractice became property of the estate when the Jajugas filed their bankruptcy petition. *See Bradley v. Stiller* (1992), Ind.App., 604 N.E.2d 1242, 1244, *trans. denied; McDonald v. Fairfield Pathologists, Inc.* (1991), Ind.App., 580 N.E.2d 690, 692, *trans. denied.*

Additionally, the Bankruptcy Code does not exclude exempt property from the estate. *Payne v. State* (7th Cir.1985), 775 F.2d 202,

204; *Tignor v. State* (4th Cir.1984), 729 F.2d 977, 980.

However, after property comes into the estate the debtor is then permitted to exempt property. 11 U.S.C. § 522(b); *Payne,* 775 F.2d at 204.

Property claimed as exempt is automatically exempt absent an objection by a party in interest. *See In re Taylor v. Freeland & Kronz* (1992), 503 U.S. ——, ——, 112 S.Ct. 1644, 1648–49, 118 L.Ed.2d 280, 286–88 (creditor's failure to object within 30–day period provided by Bankruptcy Rule 4003(b) precludes a later attack on the validity of a claimed objection, even when the debtor had no colorable claim of exemption). Although property entitled to be exempt is regarded as property of the estate until claimed and distributed as exempt, *Cyrak v. Poynor* (Bank. N.D.Tex.1987), 80 B.R. 75, 79, a debtor's rights in the property claimed as exempt are defined on the date the petition is filed. *In re Bronner* (9th Cir.B.A.P.1992), 135 B.R. 645, 647; *Armstrong v. Hursman* (Bankr. D.N.D.1988), 106 B.R. 625, 626.

■ In the present case, there is no indication that any party before the bankruptcy court challenged the medical malpractice claim exempted by the Jajugas. Under B.R. 4003, a trustee or creditor is given 30 days after the conclusion of the meeting of the creditors or the filing of any amendments to the list of exemptions to file objections to the list of property claimed as exempt by the debtor. Nothing in the record indicates that any objections were ever filed with the bankruptcy court. Thus, the exempt property is no longer property of the bankruptcy estate. More importantly, the Jajugas' right to the medical malpractice claim as exempt property, was determined as of the date of the filing of the petition for bankruptcy; thus, they had an interest in the exempt property at the time of filing when they listed the claim on Schedule C as exempt.

■ Lukens counters that the Jajugas failed to adequately disclose and properly identify the medical malpractice claim to the bankruptcy court; therefore, he contends that the exemption is invalid. Unless there is a timely objection in the bankruptcy court

from a party in interest, any property claimed exempt by a debtor, regardless of whether the claimed exemption is valid, is automatically exempt. *See Taylor*, 503 U.S. at ——, 112 S.Ct. at 1648–49, 118 L.Ed.2d at 286–288; *Matter of Kazi* (7th Cir.1993), 985 F.2d 318, 320; 11 U.S.C. § 522(1); B.R. 4003.

Any dispute regarding the validity of the Jajugas' claimed exemption is for the bankruptcy court to decide. Summary judgment based upon the standing issue was erroneously granted.

Reversed and remanded.

GARRARD and BARTEAU, JJ., concur.