Bankole A. OGUNWO, Plaintiff–Appellant,

v.

AMERICAN NATIONAL INSURANCE COMPANY, Defendant–Appellee.

No. 96CA0122.

Colorado Court of Appeals, Div. II.

March 6, 1997.

Andrew T. Brake, P.C., Lee T. Judd, Denver, for Plaintiff–Appellant.

Hill & Robbins, P.C., Karen A. Tomb, Anne K. LaPorta, Denver, for Defendant–Appellee.

Opinion by Judge TAUBMAN.

Plaintiff, Bankole A. Ogunwo, appeals from a summary judgment in favor of defendant, American National Insurance Company (ANIC), ruling that he did not have standing to assert his wrongful termination claims against defendant because he had filed a petition in bankruptcy and, therefore, his claims belonged to the bankruptcy estate. We affirm in part, reverse in part, and remand the cause for further proceedings.

Ogunwo was employed by ANIC from October 1, 1990, until April 12, 1991. He alleged that his employment with ANIC was wrongfully terminated because he complained of and refused to participate in illegal and unethical conduct by ANIC.

In 1992, he filed a voluntary petition in bankruptcy under Chapter 7 of the Bank-ruptcy Code, and obtained a discharge in October 1992. However, in his petition he had not scheduled his claims of wrongful termination against ANIC as an asset. Therefore, in February 1993 the bankruptcy court allowed Ogunwo to reopen the bankruptcy proceeding to list his wrongful termination claim as an asset of his bankruptcy estate. The following day, Ogunwo filed this wrongful termination action in state district court.

On October 28, 1993, the bankruptcy court determined that all personal injury claims and 75 percent of all wages and benefits of employment claimed by Ogunwo were exempt from the bankruptcy estate and allowed Ogunwo to pursue his exempt claims against ANIC. On the same date, the bankruptcy court granted the trustee's motion authorizing the trustee to sell the non-exempt claims to Ogunwo.

Subsequently, the trustee agreed to sell the non-exempt claims to Ogunwo for $1,750 payable in $150 monthly payments commencing February 20, 1995.

ANIC moved for summary judgment in the state court on September 11, 1995. Contending that Ogunwo's claims belonged to the bankruptcy estate at the time this action was filed and that Ogunwo did not acquire an interest in the claims until after the statute of limitations had expired on April 12, 1993, ANIC argued that Ogunwo did not have standing to bring the action. The motion made no distinction between exempt and non-exempt claims. The trial court granted the motion and this appeal followed.

I.

Ogunwo first contends that the trial court erred in granting ANIC's motion for summary judgment on the ground that the trustee was the real party in interest and that, therefore, Ogunwo did not have standing to bring this action. We agree with respect to Ogunwo's exempt claims, but not with respect to his non-exempt claims.

Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. The purpose of

summary judgment is to permit the parties to pierce the formal allegations of the pleadings and save the time and expense connected with trial when, as a matter of law, based on undisputed facts, one party could not prevail. *Peterson v. Halsted,* 829 P.2d 373 (Colo.1992).

In determining whether summary judgment is proper, we must give the nonmoving party the benefit of all favorable inferences that may reasonably be drawn from the undisputed facts, and all doubts must be resolved against the moving party. A court must consider the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, in determining whether to grant a motion for summary judgment. *Peterson v. Halsted, supra.*

■ Every action must be prosecuted in the name of the real party in interest. C.R.C.P. 17(a). The real party in interest is the party who, by virtue of the substantive law, has the right to invoke the aid of the court to vindicate the legal interest in question. *Steiger v. Burroughs,* 878 P.2d 131 (Colo.App.1994).

■ Under 11 U.S.C. § 541 (1994), the commencement of a bankruptcy case brings anything of value that the debtor has, with certain exceptions, into the bankruptcy estate. This includes certain property that may be claimed as exempt from the claims of creditors, *i.e.,* property that is deemed necessary by applicable law for a fresh start and for the support of the debtor and his or her dependents. However, if the debtor claims such property as exempt, he or she is permitted to retain possession of it and protect it from creditors. 4 L.P. King, *Collier on Bankruptcy* ¶¶ 521.12, 522.01 (15th ed. 1996).

■ Although property entitled to be exempt is regarded as property of the estate until claimed and distributed as exempt, a debtor's rights in the property claimed as exempt relate back to the date the bankruptcy petition is filed. *Jajuga v. Lukens,* 631 N.E.2d 920 (Ind.Dist.Ct.App.1994).

■ When a debtor files a voluntary petition in bankruptcy and a trustee is appointed, the debtor's claims become the property of the bankruptcy estate. 11 U.S.C. § 541(a)(1) (1994). Because the claims became the property of the estate, only the trustee has standing to assert them. *Black v. First Federal Savings & Loan Ass'n,* 830 P.2d 1103 (Colo. App.1992).

### A. *Exempt Claims*

Ogunwo contends that, even if he did not have standing to bring the exempt claims when he filed his complaint, he subsequently acquired standing when the exemption was approved by the bankruptcy court and that such standing should relate back to the commencement of the action. We agree.

■ The exempting of property in bankruptcy is not a self-executing process and, accordingly, the exemption must be claimed by the debtor. *Miller v. Accelerated Bureau of Collections, Inc.,* 932 P.2d 824 (Colo.App. 1996).

■ When the debtor claims such an exemption, 11 U.S.C. § 541(a)(6) requires that proceeds of exempt property, including potential recoveries in personal injury cases, become property of the debtor. *In re Sheets,* 69 B.R. 542 (Bankr.W.D.N.Y.1987); *see Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992) (trustee or other party in interest must timely object to claimed exemption, such as proceeds of pending employment discrimination lawsuit).

■ A plaintiff not having standing at the outset of the litigation may acquire it later, and such after-acquired standing relates back to the commencement of the proceedings. *Miller v. Accelerated Bureau of Collections, Inc., supra; see Travelers Insurance Co. v. Gasper,* 630 P.2d 97 (Colo.App.1981) (if adverse party has had sufficient notice of the disputed occurrence and related institution of legal action so as to obviate any prejudice which might arise from assertion of new plaintiff's claim, then substitution is allowed to relate back).

ANIC's reliance on *Hidden Lake Development Co. v. District Court,* 183 Colo. 168, 515 P.2d 632 (1973) is misplaced. There, the supreme court held that in a C.R.C.P. 106

proceeding all indispensable parties must be timely joined and that additional parties could not be added under a relation-back theory. Therefore, since this action did not involve the joinder of additional parties, *Hidden Lake* is distinguishable.

■ Here, Ogunwo claimed an exemption for his exempt claims against ANIC approximately two months after filing the action which is the subject of this appeal. It is undisputed that on October 28, 1993, the bankruptcy court allowed Ogunwo to pursue his exempt claims against ANIC. Further, since ANIC had notice of Ogunwo's claims from the time the action was commenced, it would not be prejudiced if Ogunwo's standing related back to the commencement of the action.

Thus, we conclude that Ogunwo's later-acquired standing to bring the exempt claims relates back to the time he commenced the action. Therefore, summary judgment entered on the basis that Ogunwo lacked standing to assert these claims was improper.

■ Further, to the extent ANIC argues that Ogunwo lacks standing because his exemption related to proceeds of his lawsuit, rather than to the lawsuit itself, we disagree. Any proceeds of Ogunwo's lawsuit would not become property of his bankruptcy estate because they would come from property exempted from the bankruptcy estate. *See In re Sheets, supra.*

*In re Bronner,* 135 B.R. 645 (9th Cir.BAP 1992), relied upon by ANIC, is not to the contrary. There, the court allowed the debtors to claim a $6,000 exemption with respect to a pending lawsuit and any potential proceeds therefrom. Similarly, here, Ogunwo's exemption concerned his pending lawsuit and any potential proceeds.

### B. *Non–Exempt Claims*

Ogunwo also contends that the trial court erred in granting ANIC's motion for summary judgment on the ground that he lacked standing to bring the non-exempt claims. He asserts that, before commencing this action, he had reached an agreement with the bankruptcy trustee to purchase such claims from him subject to the bankruptcy court's approval and that, therefore, he acquired standing. We disagree.

C.R.C.P. 56(e) provides that, when a motion for summary judgment is made, the opposing party's response by affidavits or otherwise must set forth specific facts showing that there is a genuine issue for trial and if there is no response, summary judgment shall be entered if appropriate.

Here, ANIC moved for summary judgment on the ground that Ogunwo did not have standing to bring his non-exempt claims until authorized to do so by the bankruptcy court and that such approval did not occur until after the limitations period had expired.

1.

Ogunwo argues that, subject to bankruptcy court approval, he had reached an agreement with the trustee to buy his wrongful discharge claims and, therefore, a "power coupled with an interest" agency relationship had arisen whereby he should have been deemed to be acting as an agent of the trustee in filing the action. We disagree.

■ A power coupled with an interest is predicated on an agency relationship. It is a right or power to do some act, together with an interest in the subject matter on which the power is to be exercised. *Black's Law Dictionary* 1054 (rev. 5th ed. 1979); *Hunt v. Rousmanier's Administrators,* 8 Wheat. 174, 21 U.S. 174, 5 L.Ed. 589 (1823) (power coupled with an interest is a power which accompanies, or is connected with, an interest).

■ What is critical to an agency relationship is that the parties agree to enter into a particular relation to which the legal consequences of agency attach. *Gorsich v. Double B. Trading Co.,* 893 P.2d 1357 (Colo. App.1994).

■ Although Ogunwo asserted that he and the trustee had agreed to the sale of his non-exempt claims, his response to the summary judgment motion was supported only by the federal district court's order which reversed the bankruptcy court's order confirming the sale of Ogunwo's non-exempt claims to ANIC and the subsequent bank-

ruptcy court order approving the sale of such claims to Ogunwo.

These documents are insufficient to establish that Ogunwo had reached an agreement with the trustee to purchase the claims. Further, in opposing the summary judgment motion, Ogunwo did not present any evidence that he had consummated an agreement with the trustee to purchase his non-exempt claims or that the trustee's interest in the non-exempt claims had in fact been transferred or assigned.

Because Ogunwo failed to establish that the trustee had agreed to sell the non-exempt claims to him, he has not established a power coupled with an interest.

## 2.

Alternatively, Ogunwo argues that, if the trial court properly determined that he did not have the power or authority to file the complaint as the agent of the trustee, then the trustee should have been substituted as the plaintiff pursuant to Ogunwo's contingent motion to amend the complaint. In that event, he contends, such substitution should relate back to the commencement of the action. We disagree.

C.R.C.P. 15(c) provides that an amended pleading changing the party against whom a claim is asserted relates back to the date of the original pleading if the claim asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading and, within the period provided by law for commencing the action, the party to be brought in by amendment:

(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

■ Affidavits filed after the granting of a motion for summary judgment cannot be considered in a motion to reconsider, particularly when facts contained therein were, or should have been, known by or available to the party before the court rules on the summary judgment motion. *Graven v. Vail Associates, Inc.,* 888 P.2d 310 (Colo.App.1994), *reversed on other grounds,* 909 P.2d 514 (Colo.1995).

■ Here, in opposing the summary judgment motion, Ogunwo did not present evidence that the trustee was willing to be substituted as a plaintiff in the action. It is true that Ogunwo subsequently filed a motion for reconsideration of the trial court's summary judgment ruling to which he attached an affidavit by the bankruptcy trustee stating that the trustee was willing to be substituted as a plaintiff in the action. However, this affidavit was not attached to Ogunwo's opposition to the motion for summary judgment, and thus, we may not consider it.

Accordingly, because Ogunwo did not timely meet his burden of establishing an agreement with the trustee or the trustee's willingness to be a plaintiff in the action, we conclude that the trial court did not err in granting ANIC's motion for summary judgment with regard to Ogunwo's non-exempt claims against ANIC.

## II.

■ Ogunwo next contends that the trial court erred in denying his motion for reconsideration in which he argued for the first time that the doctrine of equitable tolling should have been applied. However, a court need not entertain new theories on a motion to reconsider following the grant of summary judgment. *Graven v. Vail Associates, Inc., supra.* Thus, the trial court did not err in denying the reconsideration motion.

The summary judgment on Ogunwo's exempt claims is reversed; the summary judgment on Ogunwo's non-exempt claims is affirmed; and the cause is remanded for further proceedings.

MARQUEZ and RULAND, JJ., concur.