David M. SUMMERS, Plaintiff–Appellant,

v.

Carol G. PERKINS, Defendant–Appellee.

No. 02CA1408.

Colorado Court of Appeals, Div. IV.

Nov. 6, 2003.

David M. Summers, pro se.

Nicholls & Associates, P.C., Stephen C. Nicholls, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge VOGT.

Plaintiff, David M. Summers, appeals the trial court judgment dismissing his claims against defendant, Carol G. Perkins. We affirm.

Plaintiff was the attorney for an individual who obtained a judgment against defendant's husband. Defendant's husband subsequently transferred certain property to defendant and then filed a petition for relief under Chapter 7 of the Bankruptcy Code.

Plaintiff participated in the bankruptcy proceedings, initially on behalf of his client and later as assignee of his client's judgment and bankruptcy claim. In those proceedings, the bankruptcy trustee filed an adversary complaint objecting to discharge of defendant's husband and asserting claims for relief based on allegedly fraudulent transfers of property to defendant by her husband. Although defendant was not originally named as a party in the adversary complaint, the trustee obtained leave to add her as a party defendant.

Thereafter, defendant, her husband, the trustee, and other parties entered into settlement negotiations. The parties ultimately reached a settlement providing that the disputed properties would be sold and defendant and the bankruptcy estate would split the net proceeds evenly. Plaintiff was given notice, but did not object to the proposed settlement. The bankruptcy court approved the settlement and dismissed the trustee's fraudulent transfer claims with prejudice.

Plaintiff then commenced this action under the Colorado Uniform Fraudulent Transfer Act, § 38-8-101, et seq., C.R.S.2002 (CUFTA), contending that, as assignee of the original judgment, he was entitled to recover the value of property fraudulently transferred to defendant by her husband, the judgment debtor. The complaint did not reference the bankruptcy proceedings.

Defendant moved to dismiss on the basis that the bankruptcy trustee, not plaintiff, was the real party in interest and that plaintiff thus lacked standing to prosecute his claims. She also contended that, because plaintiff's claims were virtually identical to claims raised, settled, and dismissed with prejudice in the bankruptcy case, they were barred under principles of res judicata. The trial court granted defendant's motion, concluding that plaintiff could not reassert claims raised and resolved in the bankruptcy proceedings.

## I.

Plaintiff contends on appeal that he had standing to assert his claims and that, because there was no identity of parties or of claims in the two proceedings, the trial court erred in concluding that res judicata principles barred his complaint. We conclude that plaintiff did not have standing, and we therefore do not reach his res judicata arguments.

## A.

C.R.C.P. 17(a) requires that every action be prosecuted in the name of the real party in interest. The real party in interest is that party who, by virtue of substantive law, has the right to invoke the aid of the court in order to vindicate the legal interest in question. *Goodwin v. Dist. Court*, 779 P.2d 837 (Colo.1989); *Ogunwo v. Am. Nat'l Ins. Co.*, 936 P.2d 606 (Colo.App.1997).

Under 11 U.S.C. § 541(a)(1), when a debtor files a voluntary petition in bankruptcy and a trustee is appointed, the debtor's legal and equitable interests in property, with some exceptions, become the property of the bankruptcy estate. For purposes of § 541(a)(1), a debtor has a "legal or equitable interest" in property fraudulently transferred by it. *See* 5 *Collier on Bankruptcy* ¶ 541.14[4], at 541–85 n. 9 (15th rev. ed.1996).

Only the bankruptcy trustee has standing to assert claims that are the property of the bankruptcy estate. *Miller v. Accelerated Bureau of Collections, Inc.*, 932 P.2d 824 (Colo.App.1996); *see also Ogunwo v. Am. Nat'l Ins. Co., supra; Black v. First Fed. Sav. & Loan Ass'n*, 830 P.2d 1103 (Colo.App. 1992), *aff'd sub nom. La Plata Med. Ctr. Assocs., Ltd. v. United Bank*, 857 P.2d 410 (Colo.1993).

Among the powers vested in the bankruptcy trustee is the power to avoid any transfer of property by the debtor that a creditor could avoid under state law, includ-

ing state fraudulent transfer laws. *See* 11 U.S.C. § 544(b); *In re Munoz,* 111 B.R. 928 (D.Colo.1990); *Collier, supra* ¶ 544.09[2]. Thus, courts in other jurisdictions have held that, except in limited circumstances not present here, only the bankruptcy trustee, and not an individual creditor, has standing to bring a fraudulent conveyance action after a bankruptcy petition has been filed. *See In re MortgageAmerica Corp.,* 714 F.2d 1266 (5th Cir.1983); *In re Blount,* 276 B.R. 753 (Bankr.M.D.La.2002); *In re Munoz, supra.* The Fifth Circuit explained:

> The "strong arm" provision of the current Code, 11 U.S.C. § 544, allows the bankruptcy trustee to step into the shoes of a creditor for the purpose of asserting causes of action under state fraudulent conveyance acts for the benefit of all creditors, not just those who win a race to judgment. A trustee acting under section 544 "acts as a representative of creditors," and any property recovered is returned to "the estate for the eventual benefit of *all* creditors." ... Actions for the recovery of the debtor's property by individual creditors under state fraudulent conveyance laws would interfere with [the bankruptcy] estate and with the equitable distribution scheme dependent upon it.... Any other result would produce near anarchy where the only discernible organizing principle would be first-come-first-served.

*In re MortgageAmerica Corp., supra,* 714 F.2d at 1275–76 (citations omitted).

### B.

■ Plaintiff argues that the cases recognizing the exclusive standing of the bankruptcy trustee to bring fraudulent conveyance actions are not controlling here because he is seeking relief different from that available to a bankruptcy trustee. Specifically, he contends that he is not seeking to "avoid" a fraudulent conveyance, but, rather, to recover money damages under a state statute, and that the use of the term "voidable" in § 38–8–109(2), C.R.S.2002, indicates that the General Assembly intended to provide "an additional monetary claim against the first transferee" of fraudulently transferred property,

independent of a claim to avoid such a transfer. We are not persuaded.

Section 38–8–108, C.R.S.2002, enumerates remedies available to creditors under the CUFTA. It provides, in pertinent part:

> (1) In an action for relief against a transfer or obligation under this article, a creditor, *subject to the limitations in section 38–8–109,* may obtain:
>
>> (a) Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim....

(Emphasis added.) The following section, § 38–8–109, C.R.S.2002, addresses defenses, liability, and protection available to the transferees of property. The subsection on which plaintiff relies, § 38–8–109(2), provides, in relevant part: "Except as otherwise provided in this section, *to the extent a transfer is voidable in an action by a creditor under section 38–8–108(1)(a),* the creditor may recover judgment for the value of the asset transferred, as adjusted under subsection (3) of this section, or the amount necessary to satisfy the creditor's claim, whichever is less." (Emphasis added.)

Sections 38–8–108(1)(a) and 38–8–109(2) cross-reference each other, and nothing in the plain language of the statutes suggests that "voidable" in § 38–8–109(2) means anything other than "subject to avoidance under § 38–8–108(1)(a)." Nor does plaintiff cite any authority that would support such a construction of the statutory language. Rather, by its plain terms, § 38–8–109(2) does not provide an additional remedy to creditors, but instead limits the remedy provided under § 38–8–108(1)(a) by clarifying that the creditor's recovery in an action to avoid a fraudulent transfer is limited to the lesser of the adjusted value of the transferred asset or the amount of the creditor's claim.

■ Moreover, a bankruptcy trustee's "avoidance" power includes the power to recover either the fraudulently transferred property itself or the value of that property for the benefit of all the creditors. *See* 11 U.S.C. § 550(a); *Delgado Oil Co. v. Torres,* 785 F.2d 857 (10th Cir.1986); *In re Aero–Fastener, Inc.,* 177 B.R. 120 (Bankr.D.Mass. 1994). Thus, the monetary relief sought by

plaintiff here is also a remedy available to the bankruptcy trustee. Even though plaintiff may not be made whole through the trustee's settlement, that fact does not confer standing on him to pursue a recovery that could adversely affect the recovery available to other creditors. *See In re MortgageAmerica, supra.*

In sum, the fact that plaintiff was proceeding under the CUFTA did not afford him standing to assert claims that only the bankruptcy trustee had standing to assert and that the trustee in fact had brought and resolved in the bankruptcy case. Accordingly, plaintiff's complaint was properly dismissed for lack of standing.

## II.

Because we conclude that this appeal was not wholly frivolous or brought for the sole purpose of harassment or delay, we deny defendant's request for attorney fees pursuant to C.A.R. 38(d). *See Wood Bros. Homes, Inc. v. Howard,* 862 P.2d 925 (Colo.1993).

The judgment is affirmed.

Judge KAPELKE and Judge WEBB concur.