20CA1161 Nunnery v City of Lamar 01-20-2022 COLORADO COURT OF APPEALS Court of Appeals No. 20CA1161 Prowers County District Court No. 18CV30019 Honorable Mark A. MacDonnell, Judge Brian Nunnery, individually and d/b/a Nunnery Satellite and Home Furnishings; and Karen Nunnery, Plaintiffs-Appellants, v. City of Lamar and the Colorado Department of Transportation, Defendants-Appellees. JUDGMENT AFFIRMED Division VI Opinion by JUDGE NAVARRO Harris and Freyre, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced January 20, 2022 Anne Whalen Gill, L.L.C., Anne Whalen Gill, Castle Rock, Colorado, for Plaintiffs-Appellants Philip J. Weiser, Attorney General, Gregg E. Carson, Senior Attorney General, Leanne E. Carberry, Assistant Attorney General, Denver, Colorado, for Defendant-Appellee Colorado Department of Transportation Berg Hill Greenleaf Ruscitti LLP, Josh A. Marks, David J. Goldfarb, Boulder, Colorado, for Defendant-Appellee City of Lamar 
1 ¶ 1 Plaintiffs, Brian and Karen Nunnery, individually and d/b/a Nunnery Satellite and Home Furnishings (collectively, the Nunnerys), appeal the trial court’s judgment in favor of defendants, City of Lamar and the Colorado Department of Transportation (CDOT). We affirm. I. Factual and Procedural History ¶ 2 The Nunnerys own property on the south side of Highway 50 near Lamar. Access to the property is over three bridges spanning a drainage canal that was constructed as part of a drainage project. ¶ 3 In 2002 and 2007, the Nunnerys complained to Lamar that Lamar had failed to maintain the bridges, that the bridges had suffered damage and were deteriorating, and that Lamar was responsible for addressing these issues. ¶ 4 In 2018, the Nunnerys sued Lamar and CDOT and asserted, as relevant here, the following claims for relief: • a mandamus claim under C.R.C.P. 106(a)(2) seeking an order compelling the defendants to maintain the bridges, as well as damages; 
2 • a claim under C.R.C.P. 57 seeking a declaration of the Nunnerys’ rights and the defendants’ obligations to maintain the bridges; • a claim for “unlawful abandonment” of the bridges, as well as damages, under section 43-2-303, C.R.S. 2021; and • an inverse condemnation claim on the theory that the defendants’ alleged refusal to maintain the bridges amounted to a taking of the Nunnerys’ property. ¶ 5 Lamar moved to dismiss the claims, arguing that the Colorado Governmental Immunity Act (CGIA) barred them. CDOT joined the motion. The trial court agreed with the motion in part, dismissing the mandamus and declaratory judgment claims to the extent they sought damages for past injuries. The court also dismissed the abandonment claim as barred by the CGIA, noting that the Nunnerys did not argue that the waiver of immunity described in section 24-10-106(1)(d), C.R.S. 2021, applies. The court ruled, however, that the CGIA did not bar the inverse condemnation claim. Thus, following the court’s order on the motion to dismiss, what remained were the mandamus claim seeking an order to compel, 
3 the declaratory relief claim seeking a declaration of rights and responsibilities, and the inverse condemnation claim. ¶ 6 Later, Lamar moved for summary judgment on the remaining claims, arguing in relevant part that the applicable two-year statute of limitations barred them. See § 13-80-102(1)(h), C.R.S. 2021. Specifically, Lamar argued that the Nunnerys knew of, or reasonably should have known of, their claims as early as 2003, and at the latest in 2007, based on letters sent from their attorneys to Lamar alleging that Lamar had failed to maintain the bridges. CDOT joined the motion. ¶ 7 In response, the Nunnerys argued that the defendants did not sufficiently plead their statute of limitations defense because their answers did not cite the correct statute. In the alternative, the Nunnerys argued that the principles of estoppel or equitable tolling should defeat the statute of limitations defense because CDOT concealed the fact that it was involved in the installation of the bridges. The Nunnerys did not otherwise dispute that their letters from 2003 and 2007 showed that they were on notice that the bridges needed repair and that Lamar was allegedly responsible for maintaining them. 
4 ¶ 8 The court granted summary judgment in favor of Lamar and CDOT on the Nunnerys’ three remaining claims, reasoning that the defendants’ answers “provided adequate notice that CDOT and Lamar intended to assert a statute of limitations defense.” The court also found the Nunnerys’ estoppel and tolling arguments unpersuasive. On the merits, the court found that the Nunnerys “do not contest Lamar’s allegation of fact that all of [the Nunnerys’ claims] accrued as early as 2003 and as of 2007 at the latest.” Hence, the court dismissed the Nunnerys’ remaining claims because they were barred by the statute of limitations. ¶ 9 The Nunnerys moved for reconsideration of the summary judgment ruling as it pertained to their claims against CDOT.
1 The court denied the motion, declining to consider the new arguments raised therein. 1 In their reply in support of this motion, the Nunnerys said they had “no objection to an order dismissing Lamar from this proceeding.” 
5 II. Analysis A. Dismissal Based on the CGIA
2 ¶ 10 Recall that the trial court dismissed on CGIA grounds the Nunnerys’ mandamus and declaratory judgment claims to the extent they sought damages for past injuries, as well as the claim for unlawful abandonment of the bridges and resulting damages. In their opening brief, the Nunnerys primarily contend that the court’s conclusion “is directly contradicted by C.R.S. § 24-10-106(1)(d).” And the Nunnerys quote that provision at length. ¶ 11 Under section 24-10-106(1)(d)(I), a public entity waives sovereign immunity for tort or tort-like claims where the injuries resulted from a dangerous condition of a public highway, road, or street, if certain other conditions are met. According to the Nunnerys, “[t]hat waiver must be construed broadly and covers the claims at issue.” 2 CDOT urges us to decline to review the Nunnerys’ CGIA arguments because their notice of appeal did not mention the CGIA order. As the Nunnerys point out, however, the issues identified in a notice of appeal are merely advisory. See Giampapa v. Am. Fam. Mut. Ins. Co., 919 P.2d 838, 840 (Colo. App. 1995). 
6 ¶ 12 The Nunnerys did not, however, rely on section 24-10-
106(1)(d) in the trial court — a fact the court emphasized. Because “[i]t is axiomatic that issues not raised in or decided by a lower court will not be addressed for the first time on appeal,” we will not further consider the Nunnerys’ reliance on section 24-10-106(1)(d) in this appeal. Melat, Pressman & Higbie, L.L.P. v. Hannon L. Firm, L.L.C., 2012 CO 61, ¶ 18 (“Our judicial system depends upon the orderly presentation and preservation of issues.”). ¶ 13 In their opening brief, the Nunnerys also assert that the CGIA does not apply to their unlawful abandonment and damages claim at all because it is based on statute rather than in tort. But the Nunnerys present this assertion in a conclusory fashion. They do not develop it, respond substantively to the trial court’s detailed analysis concluding that this claim is based in tort despite the Nunnerys’ citation to statute, or cite any authority holding that the CGIA cannot apply to claims based on statute. Understandably, then, neither Lamar nor CDOT responds to such an argument in their answer briefs. ¶ 14 Given these circumstances, the Nunnerys have not properly presented this issue for our review. See, e.g., Woodbridge Condo. 
7 Ass’n v. Lo Viento Blanco, LLC, 2020 COA 34, ¶ 44 (declining to address issue where the appellant did not provide “any coherent, developed argument on the point”), aff’d, 2021 CO 56; Vallagio at Inverness Residential Condo. Ass’n v. Metro. Homes, Inc., 2017 CO 69, ¶¶ 39-40 (declining to address conclusory assertions offered without supporting argument or authority).
3 ¶ 15 Accordingly, we do not disturb the trial court’s CGIA rulings. B. Summary Judgment Based on the Statute of Limitations ¶ 16 The trial court granted the defendants’ summary judgment motion on statute of limitations grounds as to the Nunnerys’ mandamus claim seeking an order to compel, declaratory relief claim seeking a declaration of rights and responsibilities, and inverse condemnation claim. ¶ 17 The Nunnerys argue that the court erred by barring their claims under section 13-80-102(1)(h) based on its finding that their 3 The Nunnerys say a bit more about this issue in their reply brief, but that comes too late. See Morin v. ISS Facility Servs., Inc., 2021 COA 55, ¶ 20 (“The reply brief argument against fees is not only too late, it is also underdeveloped.”); In re Marriage of Dean, 2017 COA 51, ¶ 31(“We do not consider the arguments mother makes for the first time in her reply brief or those that seek to expand upon the contentions she raised in her opening brief.”). 
8 claims accrued no later than 2007. Specifically, they contend that (1) their claims assert a “continuing tort” of “failure to maintain” and, thus, are not time barred; (2) claims for prospective relief should not be subject to a limitations period; and (3) their abandonment and inverse condemnation claims “could not accrue until the Nunnerys knew that the bridges were being abandoned,” which did not occur until 2017. (As noted, however, the trial court dismissed the abandonment claim on CGIA grounds, not due to the statute of limitations.) ¶ 18 The Nunnerys did not present these arguments to the trial court until their motion to reconsider the summary judgment ruling (if at all). The court acted well within its discretion by declining to consider these new arguments. See Hice v. Lott, 223 P.3d 139, 149 (Colo. App. 2009) (“[T]he trial court did not abuse its discretion in declining to reconsider or reverse its summary judgment ruling based on this new argument or theory.”); Ogunwo v. Am. Nat’l Ins. Co., 936 P.2d 606, 611 (Colo. App. 1997) (same); see also Fox v. Alfini, 2018 CO 94, ¶ 36 (recognizing that Colorado cases “have consistently concluded that a district court generally does not abuse its discretion by refusing to consider new arguments and 
9 evidence submitted in motions to reconsider”). So we will not consider them on the merits either. See Ogunwo, 936 P.2d at 611. III. Conclusion ¶ 19 The judgment is affirmed. JUDGE HARRIS and JUDGE FREYRE concur.