**Nancy S. EDIS, n/k/a Nancy S. Sweney, Plaintiff-Appellee,**

v.

**William B. EDIS, Defendant-Appellant.**

**No. 85CA1276.**

Colorado Court of Appeals,
Div. II.

March 26, 1987.

Rehearing Denied April 30, 1987.

Certiorari Denied (Edis) Sept. 8, 1987.

Edward L. Kirkwood, Denver, for plaintiff-appellee.

Stephan E. Uslan, Denver, for defendant-appellant.

STERNBERG, Judge.

This is an action concerning arrearages of child support ordered paid in a divorce action. Despite an assignment of all her child support rights against the defendant father to the Colorado Department of Social Services, the trial court awarded the plaintiff mother interest payments on the child support arrearages. We agree with the father's contentions that the mother's execution of the document assigning these rights precluded this result and, therefore, reverse.

When the parties were divorced in 1971, the mother was awarded custody of the four children and child support. In January 1976, the mother signed a document entitled "Assignment of Rights to Support, Pursuant to Title IV of the Social Security Act as Amended" which read, in pertinent part, as follows:

"I ... hereby assign and transfer unto the Colorado Department of Social Ser-

vices, all the support rights (past, present, and future) which I have against William B. Edis, for the support of [the children] for whom I am applying for or receiving public assistance and care."

In 1983, the trial court granted the mother's motion for *ex parte* entry of judgment against the father for arrearages in child support. The father then filed a motion for relief from judgment, and the Department was permitted to intervene in the case to seek a judgment against the father for $17,892.80 in arrearages that were due during the period in which the mother was receiving public assistance.

The issue in this appeal is whether the trial court was correct in treating the Department's failure to claim interest on the arrearages due as constituting a relinquishment to the mother of the right to seek interest accrued on the arrearages. In addition to its judgment in favor of the Department, the trial court entered a judgment in favor of the mother and against the father which included an award of $18,651.87 in interest.

The mother's assignment to the Department of her support rights against the father, for the period in which she received public assistance, was total and unconditional. Under Colorado law, if a claim has been assigned in full, the assignee is the real party in interest with the right to maintain an action thereon. *Hoeppner Construction Co., Inc. v. United States*, 287 F.2d 108 (10th Cir.1960). Consequently, the mother had no entitlement to either the payments in issue or in any interest thereon. Thus, the trial court erred in allowing the mother to pursue a claim against the father which had been fully and unconditionally assigned to the Department and had not been re-assigned back to the mother.

The judgment awarding interest to the mother is reversed.

SMITH and BABCOCK, JJ., concur.