**PLATTE VALLEY SAVINGS, a federal savings and loan association by its Conservator, The RESOLUTION TRUST CORPORATION, Plaintiff–Appellant and Cross–Appellee,**

v.

**James L. CRALL and Christine S. Crall, Defendants–Appellees and Cross–Appellants.**

**No. 90CA1422.**

Colorado Court of Appeals, Div. III.

Oct. 24, 1991.

Gorsuch, Kirgis, Campbell, Walker and Grover, Robert C. Widner, Denver, for plaintiff-appellant and cross-appellee.

Gehler & Merrigan, Thomas E. Merrigan, Paula B. Gerlach, Commerce City, for defendants-appellees and cross-appellants.

Opinion by Judge TURSI.

In this promissory note action, plaintiff, Platte Valley Savings, appeals the summary judgment entered in favor of defendants, James and Christine Crall. Defendants cross-appeal the failure of the trial court to award them attorney fees and costs in the judgment. We affirm.

The following undisputed facts give rise to this action. In 1985, defendants executed two promissory notes in the principal amounts of $35,000 in favor of Aspen Leaf Mortgage Corporation. The notes were secured by two parcels of real property, and their payment was insured by the Federal Housing Authority (FHA) pursuant to the National Housing Act. 12 U.S.C. § 1701, et seq. (1991).

Aspen Leaf was required to comply with all pertinent statutory and regulatory requirements attendant to FHA insured loans, and therefore, it collected a mortgage insurance premium from defendants at closing. The premium was then submitted by Aspen Leaf to the U.S. Department of Housing and Urban Development (HUD), and a mortgage insurance commitment was secured; however, the commitment was not made part of the trial court record. The notes and deeds of trust were conveyed from Aspen Leaf to Platte Valley Federal Savings & Loan Association (PVFSL).

Defendants subsequently defaulted on the notes. PVFSL foreclosed upon the two properties securing their repayment, pur-

chased the properties at the public trustee's foreclosure sale by bidding HUD's adjusted fair market value amounts, and elected to convey the titles to HUD pursuant to the requirements set forth in 12 U.S.C. § 1710 and 24 C.F.R. § 203.1, et seq. (1991).

PVFSL, in return for its conveyance of title, received a total of $82,114.79 in mortgage insurance proceeds. However, PVFSL did not assign its interest in the notes to HUD. The combined outstanding deficiency on the notes after the foreclosure sale amounted to $37,040.44.

In July 1989, PVFSL was placed into receivership. The receiver assigned the notes to plaintiff, Platte Valley Savings, a federal savings and loan association under conservatorship of the Resolution Trust Corporation. The RTC now holds both notes.

HUD subsequently requested plaintiff to initiate a civil action against defendants to recover a judgment for the deficiency owing on the notes. However, upon such action being filed, the trial court entered summary judgment in favor of defendants. The trial court held that, inasmuch as payment of the mortgage insurance premium at closing was from funds supplied by the defendants, the insurance proceeds were not a collateral source which is wholly independent of the wrongdoer.

The trial court also ruled that mortgage insurance constitutes an alternative mechanism for payment of defaulted notes and that, therefore, PVFSL's receipt of the insurance proceeds compensated it for its sustained damages. Finally, the trial court denied defendants' request for attorney fees.

## I.

Plaintiff now contends that the trial court committed error by dismissing its action for a deficiency action in direct contravention of a federal regulation. We perceive no error.

24 C.F.R. § 203.369(b)(1991) authorizes a mortgagee to pursue a deficiency judgment against a defaulting mortgagor under ap-propriate circumstances. However, plaintiff failed to plead the applicability of this regulation in its complaint and, further, twice conceded the regulation's inapplicability in this case to the trial court.

Therefore, under circumstances in which the trial court did not possess the opportunity to review this issue, we decline to address it on appeal. *See First National Bank v. Union Tavern Corp.*, 794 P.2d 261 (Colo.App.1990).

## II.

Plaintiff next contends that defendants' payment of the HUD mortgage insurance premium did not protect them from a deficiency judgment after their default. The procedural posture of this case compels a contrary conclusion.

■ Contrary to the holding of the trial court, federal mortgage insurance is not an alternate mechanism for the repayment of defaulted loans which extinguishes a mortgagor's obligation thereon or its liability for a deficiency judgment. *See* 12 U.S.C. §§ 1709 and 1710 (1991); 24 C.F.R. § 203.1 et seq. (1991); *and Sandusky v. First National Bank*, 299 Ark. 465, 773 S.W.2d 95 (1989).

■ However, here it is undisputed that PVFSL, and in turn plaintiff, received insurance proceeds from HUD which exceed the amount of defendants' deficiency. Moreover, plaintiff admits that it has not assigned the notes to HUD for collection and that the complaint is solely in the name of plaintiff as holder of the notes with the deficiencies, and accordingly, it is the real party in interest.

■ A real party in interest is a party who, by the substantive law, has the right sought to be enforced. C.R.C.P. 17(a); *see Jouflas v. Wyatt*, 646 P.2d 946 (Colo.App. 1982). In a promissory note action, the real party in interest is the person or entity who holds legal title in the note. *American Surety Co. v. Scott*, 63 F.2d 961 (10th Cir.1933). Thus, here, plaintiff is the real party in interest by virtue of its election not to assign the notes to HUD. *See* 12 U.S.C. § 1710(a) and (g) (1991); *and Hollingsworth v. Satterwhite*, 723 P.2d 169 (Colo.App.1986).

■ Therefore, under Colorado law, plaintiff's receipt of the insurance proceeds to which defendants contributed is compensation for its loss sustained, and plaintiff is not entitled to recover a deficiency judgment as a result of defendants' default. *See Kistler v. Halsey,* 173 Colo. 540, 481 P.2d 722 (1971); *In re Lenz,* 80 B.R. 528 (Bankr.D.Colo.1987).

Inasmuch as plaintiff has recovered damages sufficient to place it in the position it would have occupied had the default not occurred, *see Taylor v. Colorado State Bank,* 165 Colo. 576, 440 P.2d 772 (1968), the trial court correctly concluded that defendants are entitled to summary judgment as a matter of law. C.R.C.P. 56(c) and (h).

### III.

We disagree with defendants' contention that the trial court erroneously denied their request for attorney fees.

■ The issue of plaintiff's claim for damages involved legal questions which were fairly debatable. Accordingly, plaintiff's claim was not frivolous, groundless, or vexatious. Section 13–17–102, C.R.S. (1990 Cum.Supp.); *see Colorado Supply Co. v. Stewart,* 797 P.2d 1303 (Colo.App. 1990).

The judgment is affirmed.

RULAND and DUBOFSKY, JJ., concur.