**CITICORP MORTGAGE, INC., Plaintiff–Appellant and Cross–Appellee,**

v.

**Clarence R. YOUNGER, Nancy L. Younger, Derrell J. Younger, and Carolyn R. Younger, Defendants–Appellees and Cross–Appellants.**

Nos. 92CA0582, 92CA0583.

Colorado Court of Appeals,
Div. IV.

June 3, 1993.

Shapiro & Meinhold, Elizabeth A. Bassler, Elizabeth S. Marcus, Colorado Springs, for plaintiff-appellant and cross-appellee.

Gehler & Merrigan, Thomas E. Merrigan, Paula B. Gerlach, Commerce City, for defendants-appellees and cross-appellants.

Opinion by Judge PLANK.

In these consolidated actions to recover the deficiency balances from two defaulted notes, plaintiff, Citicorp Mortgage, Inc. (Citicorp), appeals the summary judgment entered in favor of the defendants, Clarence and Nancy Younger and Derrell and Carolyn Younger. Defendants cross-appeal the trial court's denial of their request for attorney fees. We affirm.

The defendants defaulted on promissory notes executed in favor of Citicorp. The Department of Housing and Urban Development (HUD) paid the amount remaining on the notes to Citicorp under a Federal Housing Administration insurance policy. HUD then requested, pursuant to its own

regulations, that Citicorp commence separate actions against Clarence and Nancy Younger and Derrell and Carolyn Younger seeking judgment for the deficiency balances due on the promissory notes following foreclosure of the underlying deeds of trust securing the notes. Under the regulations, Citicorp would assign any proceeds received from a deficiency judgment back to HUD.

The trial court granted summary judgments in favor of the Youngers, finding this court's decision in *Platte Valley Savings v. Crall*, 821 P.2d 305 (Colo.App.1991) controlling.

## I.

█ Citicorp asserts that *Crall* is not controlling in this case because it has specifically relied on 24 C.F.R. § 203.369(b) (1992), which provides that the Commissioner of HUD may, "request that the mortgagee diligently pursue a deficiency judgment in connection with the foreclosure. Any judgment obtained shall be assigned to the Commissioner." This regulation was not pled in *Crall*. Citicorp contends that this regulation allows it to pursue an action for deficiency for later assignment to HUD and that, thus, the court erred in granting summary judgment on behalf of the Youngers. We disagree.

*Crall* addressed the same factual situation as here. In *Crall*, a division of this court held that, while federal mortgage insurance is not an alternate mechanism for the repayment of defaulted loans, without assigning the notes to HUD, the lender cannot collect on the default and later assign the proceeds to HUD because the lender is not a real party in interest. Applying that principle here, we conclude that, since Citicorp is the party in interest here, and collected insurance proceeds, it is not entitled to further recovery because it has recovered its damages.

Furthermore, we hold that the HUD regulations do not change this outcome.

24 C.F.R. § 203.369 (1992) governs internal operations of HUD and addresses the relationship between HUD as an insurer and its lenders. There is no conflict between the regulation and state law, and the regulation repeatedly defers to state law. The regulation provides that the Commissioner of HUD may request that a lender diligently pursue a deficiency judgment, and assign the judgment to HUD. 24 C.F.R. § 203.366(a)(3) (1992) states that one of the factors the Commissioner is to consider in pursuing a deficiency judgment is "[w]hether it is feasible under state law to seek a deficiency judgment."

Thus, collection of a deficiency judgment is purely a matter of state law, and the regulation does not alter the state law in any way.

## II.

In their cross-appeal, defendants contend that this court should grant them their attorney fees under C.A.R. 38(d) because plaintiff's appeal was frivolous and groundless. We disagree.

█ A claim is frivolous if the proponent cannot present a rational argument based on the law or the evidence. *Lego v. Schmidt,* 805 P.2d 1119 (Colo.App.1990). Since no prior case has addressed the applicability of the HUD regulations to this fact pattern, we hold that this appeal was not frivolous.

Hence, the judgments of the trial court are affirmed.

RULAND and VAN CISE *, JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).