`PLATTE VALLEY MORTGAGE CORPORATION, Plaintiff–Appellant,

v.

Bradley B. BICKETT and Eileen G. Bickett, Defendants–Appellees.

No. 94CA1865.

Colorado Court of Appeals, Div. III.

Feb. 22, 1996.

Rehearing Denied March 28, 1996.

The Benitez Professional Corporation, John R. Benitez, Denver, for Plaintiff–Appellant.

Karsh & Fulton, P.C., Alan E. Karsh, Denver, for Defendants–Appellees.

Opinion by Judge ROY.

In this action, plaintiff, Platte Valley Mortgage Corp. (Platte Valley), as assignee of the Department of Housing and Urban Development (HUD), seeks to collect from defendants, Bradley and Eileen Bickett (the Bicketts), a deficiency judgment following a default and foreclosure on an insured loan. The trial court dismissed the action pursuant to C.R.C.P. 17(a) on the grounds that Platte Valley was not a real party in interest. In this appeal, plaintiff challenges the judgment of dismissal, and the Bicketts seek attorney fees pursuant to C.A.R. 38(d). We reverse and remand with instructions and deny attorney fees.

The relevant facts are not in dispute. The Bicketts purchased certain real property as a residence in August of 1988 and financed the purchase with a loan from MLA, Inc. The loan was insured by HUD pursuant to the National Housing Act, 12 U.S.C. § 1701, et seq. (1994). MLA, Inc., assigned the note and deed of trust to Platte Valley in November 1988.

The Bicketts defaulted on the promissory note, and Platte Valley initiated foreclosure proceedings. Platte Valley successfully bid $60,152 at the foreclosure sale in accordance with specific instructions from HUD. The outstanding balance on the indebtedness at the time of the sale, with expenses, was $103,996, leaving a deficiency of $43,844. HUD ultimately sold the property in August 1992 for $96,000.

Following the foreclosure, HUD paid Platte Valley $106,833, the full extent of Platte Valley's losses. Platte Valley assigned the certificate of purchase and the promissory note to HUD. HUD then requested, pursuant to its own regulations, that Platte Valley commence an action against the Bicketts for a deficiency balance due on the promissory note together with collection costs.

Platte Valley filed a complaint in its own name which alleged, *inter alia:*

The United States Department of Housing and Urban Development has requested Plaintiff to pursue this claim and Plaintiff shall assign the subsequent judgment, if any, to and for the benefit of HUD for collection of the same, all as pursuant to 24 C.F.R. § 203.369.

The cited federal regulation, 24 C.F.R. § 203.369 (1995), provides, in pertinent part, as follows:

(a) ... (1) For mortgages insured pursuant to firm commitments issued on or after March 28, 1988 ... the Secretary may require the mortgagee diligently to pursue

a deficiency judgment in connection with any foreclosure. With respect to claims filed for insurance benefits on such mortgages, any judgment obtained by the mortgagee must be assigned to the Secretary. (2) In cases where the Secretary requires the pursuit of a deficiency judgment and provides the mortgagee with the Secretary's estimate of the fair market value of the property, less adjustments, in accordance with § 203.368(e) of this part, the mortgagee must tender a bid at the foreclosure sale in that amount, and must take all other appropriate steps in accordance with State law to obtain a deficiency judgment.

On August 16, 1993, after a division of this court announced *Citicorp Mortgage, Inc. v. Younger*, 856 P.2d 52 (Colo.App.1993), HUD assigned to Platte Valley its claims against the Bicketts by an assignment which stated in pertinent part:

I, Ron Bailey, Director, Office of Housing, United States Department of Housing and Urban Development (HUD), here referred to as Assignor, set over and deliver to Platte Valley Mortgage Corporation, here referred to as Assignee ... any and all of Assignor's right, title, interest, claims and demands in and to all causes of action HUD may possess by virtue of a right of subrogation arising from Assignor's payment to Assignee of certain mortgage insurance proceeds under 24 C.F.R. Part 203, Subpart B (1991) in conjunction with the default on a Deed of Trust Note secured by a First Deed of Trust on a property located at 655 South County Road # 173, Byers, Colorado 80103, FHA Case No. 051-5659693-703.

Assignor believes that, under the principle of subrogation, HUD has a clause [sic] of action against Bradley B. Bickett and Eileen G. Bickett, here referred to as Debtors, on the deficiency debt owed by the Debtors as a result of the default on a Deed of Trust Note and the foreclosure of the First Deed of Trust on the property aforementioned. Assignee has full power and authority to ask for and demand all damages due under Assignor's subrogation claim and prosecute to judgment any suits

or proceedings at law or equity against the Debtor. Assignor agrees to be bound by any judgment entered on said claim.

After trial to the court, the court entered judgment in favor of the Bicketts, finding *Citicorp Mortgage, Inc. v. Younger, supra*, controlling, and dismissed the complaint with prejudice. This appeal followed.

### I.

Platte Valley asserts that *Younger* is not controlling in this case because HUD assigned its right of subrogation to it. We agree.

██ Only a real party in interest may pursue a cause of action. C.R.C.P. 17(a). An assignee of a claim is a real party in interest. *Thistle, Inc. v. Tenneco, Inc.*, 872 P.2d 1302 (Colo.App.1993). An assignee of a debt for collection is also a real party in interest. *See Farmers Acceptance Corp. v. DeLozier*, 178 Colo. 291, 496 P.2d 1016 (1972).

In *Younger*, a division of this court held that a lender could not, pursuant to HUD regulations alone, and after assigning the note to HUD, pursue a deficiency action against a defaulting borrower if the lender had already collected insurance proceeds from HUD because of the default on the mortgage. The *Younger* court stated:

[W]hile federal mortgage insurance is not an alternate mechanism for the repayment of defaulted loans, without assigning the notes to HUD, the lender cannot collect on the default and later assign the proceeds to HUD because the lender is not a real party in interest. Applying that principle here, we conclude that, since [the lender] is the party in interest here, and collected insurance proceeds, it is not entitled to further recovery because it has recovered its damages.

*Citicorp Mortgage, Inc. v. Younger, supra*, 856 P.2d at 53; *see* C.R.C.P. 17(a); *see also Platte Valley Savings v. Crall*, 821 P.2d 305 (Colo.App.1991).

██ Here, unlike in *Younger*, HUD did more than simply ask Platte Valley to pursue a deficiency judgment and assign the judg-

ment to HUD pursuant to regulations. HUD assigned all of its claims against the Bicketts to Platte Valley. Platte Valley, therefore, as assignee, had whatever rights or claims HUD may have held against the Bicketts. *See Wright v. Estate of Valley*, 827 P.2d 579 (Colo.App.1992).

Therefore, Platte Valley is a real party in interest for any claim that HUD might have against the Bicketts, and the trial court must reinstate Platte Valley's claim against them.

## II.

Inasmuch as we are reversing the judgment, we reject the Bicketts' contention that this court should grant them their attorney fees under C.A.R. 38(d) because Platte Valley's appeal is frivolous.

The judgment is reversed and the cause is remanded with orders to reinstate Platte Valley's complaint and for further proceedings consistent with this opinion.

NEY, J., concurs.

PLANK, J., dissents.

Judge PLANK dissenting.

I respectfully dissent.

I have concluded, as did the trial court, that the issue presented here was addressed and correctly determined in *Citicorp Mortgage, Inc. v. Younger*, 856 P.2d 52 (Colo.App. 1993) and *Platte Valley Savings v. Crall*, 821 P.2d 305 (Colo.App.1991).

I would, therefore, affirm.