Coy MILLER and Brenda Miller,
Plaintiffs–Appellees,

v.

ACCELERATED BUREAU OF COLLEC-
TIONS, INC., a Colorado corporation;
and John G. Schanck, Defendants–Ap-
pellants.

No. 95CA0001.

Colorado Court of Appeals,
Div. III.

May 16, 1996.

Rehearing Denied June 13, 1996.

Certiorari Denied Feb. 24, 1997.

Warren, Mundt & Martin, P.C., James A. Mundt, Colorado Springs, Robert M. Duitch, P.C., Robert M. Duitch, Colorado Springs, for Plaintiffs–Appellees.

Holland & Hart, Ronald M. Martin, David S. Prince, Colorado Springs, for Defendants–Appellants.

Opinion by Judge ROY.

Defendants, Accelerated Bureau of Collections, Inc., and John G. Schanck (collectively ABC), appeal the trial court's judgment awarding plaintiffs, Coy and Brenda Miller (the Millers), damages under the Fair Debt Collection Practices Act, § 12–14–101, et seq., C.R.S. (1991 Repl.Vol. 5A) (FDCPA). We reverse and remand for dismissal without prejudice.

In January 1991, a creditor of the Millers hired ABC to collect an overdue account. When ABC's efforts proved unsuccessful, the creditor filed suit to collect the debt. In their answer in that case, the Millers asserted that they had substantial claims against ABC for FDCPA violations.

A few months later, the Millers filed a voluntary petition for bankruptcy in the federal bankruptcy court and received their discharge in November 1991. They did not list their claims against ABC as an asset.

In January 1993, the Millers sued ABC alleging numerous violations of the FDCPA. ABC moved for summary judgment on the grounds, *inter alia*, that the bankruptcy estate was the real party in interest and that, therefore, the Millers lacked standing pursuant to C.R.C.P. 17(a). The Millers immediately filed a petition in the bankruptcy court

to reopen their bankruptcy estate, to amend the schedules to show the claim against ABC as an asset, and to claim the personal injury exemption. The bankruptcy trustee objected to the petition, most particularly the claim for an exemption.

Ultimately the Millers and the bankruptcy trustee entered into a written stipulation which the bankruptcy court approved. In the stipulation, the parties thereto agreed, as pertinent here, that the Millers' counsel would continue to handle the pending litigation against ABC on a contingent fee basis and that the Millers and the trustee would share the proceeds, costs, and attorney fees. The stipulation did not assign or otherwise transfer the claim to the Millers, nor did the bankruptcy trustee agree to be bound by any judgment rendered in these proceedings.

The trial court denied ABC's motion for summary judgment. Following a trial to the court in September 1994, the Millers were awarded $18,000 in actual damages and $11,000 in punitive damages against ABC. This appeal followed.

On appeal, ABC asserts that the Millers lacked standing to bring their claims. We agree.

It is fundamental that every action shall be prosecuted in the name of the real party in interest. C.R.C.P. 17(a). The purpose of the requirement of standing is to protect the defendant from multiple proceedings. 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure: Civil 2d* § 1541 (1990). The real party in interest is the party who, by virtue of the substantive law, has the right to invoke the aid of the court to vindicate the legal interest in question. *Steiger v. Burroughs,* 878 P.2d 131 (Colo.App.1994).

I.

The parties agree that, under 11 U.S.C. § 541(a)(1) (1994), when a debtor files a voluntary petition in bankruptcy and a trustee is appointed, the claims become the property of the bankruptcy estate. The Millers assert that the foregoing proposition is only techni-

cally true in that the claims here are for personal injury and, therefore, are exempt.

■ Section 13–54–102(1)(n), C.R.S. (1987 Repl.Vol. 6A) exempts from levy and sale the "proceeds of any claim for damages for personal injuries suffered by any debtor." This exemption does not, however, apply to punitive damages that are awarded to punish the wrongdoer and not to compensate the plaintiff for injury. *In re Keyworth,* 47 B.R. 966 (D.Colo.1985). Here, the trial court awarded punitive damages in the amount of $11,000.

■ The exempting of property in bankruptcy is not a self-executing process; that is, the exemption must be claimed. If property is claimed to be exempt, it is so categorized unless a party in interest objects to the exemption. 11 U.S.C. § 522(*l*) (1994). In this instance, the trustee objected to the exemptions claimed by the Millers, and the bankruptcy court never resolved that objection. Instead, the bankruptcy court approved the stipulation, which is silent as to the claimed exemption.

■ Therefore, in our view, absent some other and further action, the claim remains the property of the bankruptcy estate. Thus, the Millers lacked standing at the time they commenced this action. *See Jones v. Harrell,* 858 F.2d 667 (11th Cir.1988); *Bratton v. Mitchell, Williams, Selig, Jackson & Tucker,* 302 Ark. 308, 788 S.W.2d 955 (1990).

## II.

The Millers assert that the stipulation they entered into with the bankruptcy trustee grants them standing. We disagree.

### A.

At the outset ABC argues that the Millers are not the real parties in interest because they were not such at the time they filed suit and that they cannot subsequently acquire that status. In support of this position, ABC cites *Bronner v. Exchange State Bank,* 455 N.W.2d 289 (Iowa App.1990) (if a plaintiff lacks standing to sue at the inception of a lawsuit, the plaintiff cannot acquire standing by subsequently gaining ownership of the asserted claims) and *Stallsworth v. Munoz,* 639 N.E.2d 1025 (Ind.App.1994) (similar facts and holding). In our view, *Bronner* and *Stallsworth* are not persuasive.

Colorado courts have recognized after-acquired standing. In *Travelers Insurance Co. v. Gasper,* 630 P.2d 97 (Colo.App.1981), an insurer who was the real party in interest was substituted as plaintiff at trial, and the substitution related back to the filing of the complaint even though the statute of limitations had expired in the interim. In *Platte Valley Mortgage Corp. v. Bickett,* 916 P.2d 631 (Colo.App.1996), a division of this court held that a plaintiff who had standing by assignment after the filing of the complaint, but prior to trial, could proceed.

The federal rule, Fed.R.Civ.P. 17(a), specifically provides that a court is not to dismiss an action until it allows a reasonable time for ratification, joinder, or substitution, which shall have the same effect as if the action had been commenced in the name of the real party in interest. While the Colorado rule does not contain the same language, the underlying rationale for requiring a real party in interest is not sacrificed by the later acquisition of standing.

■ We conclude that a plaintiff not having standing at the outset of the litigation may acquire standing after an objection is raised and that the standing later acquired relates back to the commencement of the proceedings.

### B.

The Millers assert that their stipulation with the bankruptcy trustee and approved by the bankruptcy court gives them standing in this matter. We disagree.

■ As previously indicated, the parties agreed in the stipulation that the Millers' counsel would pursue the claim pursuant to a contingency fee agreement and that the parties would share the proceeds and costs. There is no language of transfer or assignment, nor did the trustee agree to be bound by the judgment.

■ In our view, notice to, knowledge of, or acquiescence by the real party in interest in an action does not confer standing on the plaintiff. Notice, knowledge, or acquiescence may provide the defendant a defense in a subsequent proceeding brought by the real

party in interest, but the existence of such a defense does not affect the standing of the plaintiff in the first instance.

Two divisions of this court have held that financial institutions did not have standing to pursue the claims of their insurers based on a federal regulation requiring the institutions to bring the actions and pay the proceeds over to the insuring agency. *Citicorp Mortgage, Inc. v. Younger*, 856 P.2d 52 (Colo.App. 1993); *Platte Valley Savings v. Crall*, 821 P.2d 305 (Colo.App.1991); *see also Hollingsworth v. Satterwhite*, 723 P.2d 169 (Colo.App. 1986) (holder of power to demand that action be commenced together with right to control the action not a real party in interest).

In *Younger*, a financial institution commenced an action to collect the deficiency on an insured and secured loan after the insurer had paid the institution all of its losses. The action was commenced pursuant to a regulation of the insurer, the Department of Housing and Urban Development (HUD), by which it could request the institution to bring the action and pay over any proceeds to HUD. A division of this court held that because the financial institution had been paid in full it had no standing and that the regulation merely defined the relationship between HUD as an insurer and its lenders and did not confer standing.

In *Bickett*, a division of this court reached the opposite result under identical circumstances in a case in which the deficiency claim was assigned by HUD to the financial institution.

Therefore, in our view, the stipulation entered into between the Millers and the trustee in bankruptcy which deals only with the relationship of the Millers and the trustee does not confer standing on the Millers.

The judgment is reversed, and the cause is remanded with directions that a judgment of dismissal without prejudice be entered as to all claims asserted by the Millers.

PLANK, J., concurs.

STERNBERG, C.J., dissents.

Chief Judge STERNBERG dissenting.

I agree with much of what the majority writes: in Colorado, standing may be acquired after a complaint is filed, but before trial; and, the purpose of C.R.C.P. 17(a) is to prevent a defendant from facing duplicative suits on the same claim. Where I part company with the majority is its holding that the only way in which a claim for relief may be transferred is by "assignment."

In my view, our law does not require so restrictive an interpretation. The cases relied upon by the majority demonstrate that real party in interest status may be acquired after a complaint is filed. Here, there was a court-approved written stipulation providing that the suit could be prosecuted by plaintiffs, and agreeing for a sharing of attorney fees and division of any recovery. That language is the functional equivalent of an assignment.

Because the defendant had no exposure to a second suit on the claim, the purpose of the requirement of standing, as explained in Wright, Miller & Kane, *supra*, is served by recognizing the efficacy of the stipulation.

By placing form over substance, the majority takes away from plaintiffs' compensation for damage they sustained by defendant's actions, while allowing defendant to escape unscathed and unpunished for the wrongs they perpetrated.

I would affirm the judgment.