Catherine M. GAVEND,
Plaintiff–Appellant,

v.

Robert L. MALMAN, and Malman & Malman, P.C., Defendants–Appellees.

No. 96CA0001.

Colorado Court of Appeals,
Div. IV.

March 20, 1997.

Rehearing Denied April 24, 1997.

Certiorari Denied Nov. 3, 1997.

Catherine M. Gavend, Pro Se.

Kennedy & Christopher, P.C., Richard B. Caschette, Matthew S. Feigenbaum, Denver, for Defendants–Appellees.

Opinion by Judge CASEBOLT.

In this legal malpractice action, plaintiff, Catherine M. Gavend, appeals the summary judgments entered in favor of defendants, Robert L. Malman and Malman & Malman, P.C. We affirm in part and reverse in part.

In 1986, plaintiff retained defendants to represent her in a dissolution of marriage proceeding. That matter was ultimately submitted to binding arbitration and the arbitration award was later confirmed. During an appeal of that award, defendants withdrew from their representation of plaintiff.

Thereafter, plaintiff complained that defendants' fees and costs were excessive and that certain expert witness fees had not been authorized or were unnecessary. The dispute was submitted to binding arbitration that resulted in an award requiring plaintiff to pay defendants approximately $18,000 out of a total amount requested in excess of $30,000.

On August 2, 1989, plaintiff commenced this action, asserting claims for breach of contract, fraud, breach of fiduciary duty, and legal malpractice. She also sought damages for emotional distress.

Defendants moved for summary judgment arguing that, to the extent plaintiff's claims

were based upon excessive or unauthorized fees or costs, they were barred by *res judicata* by virtue of the fee arbitration award. Defendants also argued that plaintiff's malpractice claim should be dismissed for failure to file a certificate of review under § 13–20–602, C.R.S. (1996 Cum.Supp.). The trial court granted defendants' motion.

Plaintiff appealed, and, in *Gavend v. Malman,* (Colo.App.No.90CA0543, May 9, 1991) (not selected for official publication), a division of this court affirmed the trial court's entry of summary judgment as to plaintiff's contract claims, "issues regarding exorbitant fees," and "fees to experts that were not required or authorized." However, the court reversed the summary judgment as to plaintiff's malpractice claim, ruling that the trial court had to determine whether the negligence claim required expert testimony and, if such testimony was necessary, whether good cause had been shown for the late filing of a certificate of review. The court also determined that the trial court had erred in dismissing plaintiff's fraud and breach of fiduciary duty claims because they did not require the filing of a certificate of review.

On remand, plaintiff filed an amended complaint, and defendants filed another motion for summary judgment in which they argued, *inter alia,* that plaintiff's breach of contract, fraud, and breach of fiduciary duty claims were barred by *res judicata.* The trial court summarily denied the motion as to all but the "breach of contract" claims which it noted had already been dismissed.

Shortly thereafter, plaintiff filed a voluntary petition in bankruptcy. In that proceeding, she asserted that her claims against defendants were exempt pursuant to § 13–54–102(1)(n), C.R.S. (1987 Repl.Vol. 6A). The bankruptcy trustee objected to the claimed exemption and the bankruptcy court issued an order determining that any damages plaintiff might recover for pecuniary and property losses or punitive damages were not exempt but that any recovery for non-economic damages was exempt.

In February 1995, defendants filed the first of two summary judgment motions at issue in this appeal. In that motion, they again argued that all fee-related claims were barred by *res judicata.* They further argued that plaintiff could not recover emotional distress damages, that claims for negligence occurring prior to August 2, 1987, were barred by the statute of limitations, and that defendants were not responsible for any alleged tortious conduct occurring after their withdrawal from representation of plaintiff.

By this time, the case had been transferred to a different courtroom. The new trial judge granted defendants' motion in its entirety, thereby leaving plaintiff with only a claim for malpractice based upon conduct of defendants occurring after August 2, 1987.

On October 17, 1995, defendants filed a second motion for summary judgment asserting that plaintiff was not the real party in interest to pursue the remaining portion of the malpractice claim because any damages she might recover would be for pecuniary loss only and, thus, belonged to the bankruptcy estate. The trial court granted the motion and dismissed the remaining portion of the malpractice claim with prejudice.

## I.

■ Plaintiff first contends that the law of the case doctrine precluded the trial court from granting defendants' first summary judgment motion. We disagree.

■ The doctrine of the law of the case is a discretionary rule of practice directing that prior relevant rulings made in the same case generally are to be followed. *Mining Equipment, Inc. v. Leadville Corp.,* 856 P.2d 81 (Colo.App.1993); *see Denver Electric & Neon Service Corp. v. Gerald H. Phipps, Inc.,* 143 Colo. 530, 354 P.2d 618 (1960).

■ Plaintiff argues that the trial court was bound by the earlier denial of defendants' previous similar summary judgment motion. However, the law of the case doctrine does not generally apply to the denial of interlocutory motions, and does not preclude a second judge assigned to a case from considering a motion for summary judgment denied by a previous judge, even if based upon the same issues. *See Moore v. 1600 Downing Street, Ltd.,* 668 P.2d 16 (Colo.App. 1983).

■ ■ We also disagree with plaintiff's argument that this court's prior opinion and mandate precluded the trial court from entering summary judgment in favor of defendant on anything other than her "breach of contract" claims.

■ Although a mandate from an appellate court must be followed in subsequent proceedings on remand, *see Kuhn v. State,* 897 P.2d 792 (Colo.1995), we are not persuaded that this court's prior opinion should have been afforded preclusive effect in the manner and to the extent urged by plaintiff.

A review of this court's prior opinion reveals that it affirmed the summary judgment not just as to the breach of contract claim, but also as to "issues regarding exorbitant fees" and "fees to experts that were not required or authorized." Accordingly, on remand, because plaintiff's amended complaint again asserted breach of contract, fraud, and breach of fiduciary duty claims based solely upon excessive or unauthorized legal fees and costs, the trial court was not precluded from dismissing those claims. While it is true that this court's prior opinion "reversed" the trial court's summary judgment as to plaintiff's claims for fraud and breach of fiduciary duty, it did so solely on the basis that those claims should not have been dismissed for failure to file a certificate of review.

Based upon the above, we perceive no error in the trial court's determination that the law of the case doctrine did not preclude it from granting defendants' first summary judgment motion. *See Moore v. 1600 Downing Street, Ltd., supra; see also Super Valu Stores, Inc. v. District Court,* 906 P.2d 72 (Colo.1995).

## II.

Plaintiff next contends that the trial court erred in granting defendant's first summary judgment motion because genuine issues of material fact remained as to each of her claims. We agree in part.

### A. *Claims Based on Excessive/Unauthorized Fees or Costs*

■ As set forth above, defendants' first summary judgment motion sought dismissal of all claims pertaining to unauthorized or excessive legal fees and costs on the grounds that they were barred by principles of *res judicata* because of the prior legal fee arbitration.

In support of their motion, defendants attached numerous exhibits demonstrating that all issues relating to the claimed excessive fees were fully litigated in the arbitration proceeding. They also cited legal authority holding that arbitration awards may provide the basis for application of *res judicata* and that plaintiff could not avoid preclusion merely by changing her theory of recovery in the subsequent proceeding. Finally, defendants also submitted various exhibits including the arbitration award itself.

We conclude that defendants met their initial burden of establishing an absence of any genuine issues of material fact as to these fee-related claims and thereby shifted the burden to plaintiff to establish a genuine issue of material fact. *See Continental Air Lines, Inc. v. Keenan,* 731 P.2d 708 (Colo. 1987).

Plaintiff's sole argument in response was that the trial court was precluded under the law of the case doctrine from granting defendants' motion, a contention we have already rejected in Part I above. She presented no other factual or legal support and otherwise failed to create a genuine issue of material fact concerning these claims.

Based upon the above sequence of events, we perceive no error in the trial court's entry of summary judgment on the fee-related claims, including those for fraud and breach of fiduciary duty.

### B. *Emotional Distress Damages*

Initially, we note that the theory by which plaintiff's amended complaint seeks damages for emotional distress is, at best, unclear.

■ To the extent plaintiff sought to assert a separate claim for negligent infliction of emotional distress, we conclude that summary judgment was proper based upon the complete absence of evidence that she had been personally subjected to an unreasonable risk of bodily harm by virtue of defendants'

alleged negligence. *See Towns v. Anderson,* 195 Colo. 517, 579 P.2d 1163 (1978); *Hale v. Morris,* 725 P.2d 26 (Colo.App.1986).

■ Insofar as plaintiff was attempting to recover emotional distress damages as a component of her malpractice claim, we again conclude that summary judgment was appropriate.

In *Boatright v. Derr,* 919 P.2d 221 (Colo. 1996), the supreme court let stand an award of non-economic damage in a legal malpractice claim, but only because it was challenged for the first time on appeal. In a footnote, the court acknowledged a split in authority in other jurisdictions concerning the availability of such damages.

No Colorado appellate decision has squarely addressed this issue. However, our research reveals that a majority of jurisdictions considering it have concluded that emotional distress or other non-economic damages resulting solely from pecuniary loss are not recoverable in a legal malpractice action based on negligence. *See Merenda v. Superior Court,* 3 Cal.App.4th 1, 4 Cal.Rptr.2d 87 (1992); *Richards v. Cousins,* 550 So.2d 1273 (La.App.1989); *Hilt v. Bernstein,* 75 Or.App. 502, 707 P.2d 88 (1985). *See also* 1 R. Mallen & J. Smith, *Legal Malpractice* § 16.11 (3d ed.1989) (almost all jurisdictions which have passed upon the issue have held that damages for emotional injuries are not recoverable where they are a consequence of other damages caused by the attorney's negligence);

Based upon the above, we perceive no error in the trial court's entry of summary judgment as to plaintiff's claims for emotional distress damages.

### C. *Malpractice Claim/Statute of Limitations*

We do agree with plaintiff's contention that genuine issues of material fact remained concerning when certain portions of her malpractice claim accrued.

■ The statute of limitations for a legal malpractice action commences running at the time the client discovers, or through use of reasonable diligence should have discovered, the negligent act of the attorney. *Jacobson v. Shine,* 859 P.2d 911 (Colo.App.1993).

■ The focus is on a plaintiff's knowledge of facts that would put a reasonable person on notice of the general nature of damage and that the damage was caused by the wrongful conduct of an attorney. *Morris v. Geer,* 720 P.2d 994 (Colo.App.1986).

■ Although the issue of when a client discovered or should have discovered the negligent conduct is normally a question of fact, if the evidence clearly shows that the client discovered or should have discovered the negligent conduct as of a particular date, the issue may be decided as a matter of law. *Palisades National Bank v. Williams,* 816 P.2d 961 (Colo.App.1991); *see also* § 13–80–108(1), C.R.S. (1987 Repl.Vol. 6A) (cause of action for injury to person, property, reputation, possession, relationship, or status shall be considered to accrue on the date both the injury and its cause are known or should have been known by exercise of reasonable diligence).

■ Here, the allegations of negligent conduct contained in plaintiff's amended complaint lack chronological specificity. However, in reviewing the amended complaint and plaintiff's disclosure certificate, we conclude that the allegations of negligence can be generally divided into two periods: (1) negligence during proceedings leading up to the court-ordered sale of the marital residence in March 1987, and (2) negligence in preparing for and conducting the marital arbitration during the six weeks between June 15, 1987, and August 5, 1987.

The trial court concluded that by June 15, 1987, at the latest, plaintiff was aware of both her purported injury and its cause. In so doing, it relied on the following statement made by plaintiff in an earlier motion:

After the sale of the marital home and recovering from the side effects of the high blood pressure medication, Plaintiff began to question Defendants' abilities and actions, and wondered who's [sic] side Defendants were on in that it did not appear they were acting in the best interests of the Plaintiff.

The trial court further relied on evidence that plaintiff was no longer taking blood pressure medication by June 15, 1987. Based upon this evidence, the trial court determined that, as a matter of law, plaintiff's malpractice claim accrued, at the latest, by June 15, 1987. Given the applicable two-year limitations period, the trial court concluded that plaintiff was barred "from recovering for any allegedly negligent acts of [defendants] that occurred before August 2, 1987."

■ We agree that no genuine issue of fact exists that by June 15, 1987, plaintiff had discovered, or through use of reasonable diligence should have discovered, facts necessary to support a negligence claim concerning defendants' efforts to prevent the sale of the marital residence and that such claim was barred by the two-year statute of limitations. However, we disagree with the trial court's conclusion that the statute of limitations bars the plaintiff from recovering for "any allegedly negligent acts of the defendant that occurred before August 2, 1987."

As set forth above, plaintiff alleged that the defendants were negligent in preparing for and conducting the marital arbitration proceeding that took place between June 15, 1987, and August 5, 1987. But, we fail to see how plaintiff could have been aware of any damage resulting from such alleged negligence until the marital arbitration award was issued on November 18, 1987.

Accordingly, we conclude that genuine issues of fact remained concerning the accrual of any malpractice claim pertaining to preparation for and conduct of the marital arbitration proceeding. Therefore, summary judgment was improper as to such claim.

### III.

■ Finally, plaintiff contends that the trial court erred in granting defendants' second motion for summary judgment on the grounds that plaintiff was no longer the real party in interest to pursue her remaining malpractice claim. We perceive no error.

Once again, the bankruptcy court determined that any damages for injuries to property rights or pecuniary losses plaintiff might recover in her malpractice claim belonged to the bankruptcy estate and that only recovery for emotional distress or physical injury would be exempt under § 13–54–102(1)(n).

Because the trial court's previous summary judgment precluded plaintiff from recovering damages for emotional distress and left her with a claim for pecuniary loss only, defendants argued that any recovery on that claim necessarily belonged to the bankruptcy estate. The trial court agreed, concluding that "[p]laintiff cannot personally recover any damages" and that it would be "improper to allow her to proceed with this action."

■ It is fundamental that every action shall be prosecuted by the real party in interest. C.R.C.P. 17(a); *Edis v. Edis*, 742 P.2d 954 (Colo.App.1987). The real party in interest is the party who, by virtue of the substantive law, has the right to invoke the aid of the court to vindicate the legal interest in question. *Miller v. Accelerated Bureau of Collections, Inc.*, 932 P.2d 824 (Colo.App. 1996).

Here, because any damages that could be recovered under the remaining claim belonged solely to the bankruptcy estate, we agree with the trial court's determination that plaintiff was not the real party in interest and that summary judgment should have entered on that basis.

Plaintiff, nevertheless, argues that because the bankruptcy court's order contemplates that she would continue to pursue the remaining claim, she remained the real party in interest. We are not persuaded.

In *Miller*, a division of this court rejected an argument that a bankruptcy court-approved stipulation could successfully confer standing on a debtor to prosecute claims that belonged to the bankruptcy estate. The court noted that if the plaintiff is not the real party in interest, neither notice to, knowledge of, nor acquiescence by, the real party in interest will confer standing on the plaintiff.

We conclude that *Miller* is dispositive of plaintiff's argument that the bankruptcy court's order controlled the issue of whether she was the real party in interest to pursue

the remaining claim. Here, as in *Miller*, there was no assignment by the trustee to plaintiff, nor did the trustee agree to be bound by any judgment that plaintiff might obtain. Furthermore, we note that the bankruptcy court order allowing plaintiff to proceed with the suit was entered at a time when plaintiff still had potentially exempt claims pending.

■ Although we conclude that the trial court's entry of summary judgment as to the remaining portion of the malpractice claim was correct, we also conclude that the trial court should not have dismissed that claim with prejudice. Rather, the appropriate course of action was to defer dismissal of the action and allow the bankruptcy trustee a reasonable time to substitute itself as plaintiff should it so desire. *See Travelers Insurance Co. v. Gasper,* 630 P.2d 97 (Colo.App. 1981). Alternatively, if intervening events have now conferred standing upon plaintiff, she may request reconsideration of the dismissal in the trial court.

As to the first motion for summary judgment, the resulting judgment is affirmed except as to the claims for negligence in preparing for and conducting the marital arbitration proceeding. As to such negligence claims, the judgment dismissing them, entered in response to defendants' second motion for summary judgment, is also affirmed, except for the portion designating them as being dismissed with prejudice.

STERNBERG, C.J., and NEY, J., concur.