**Stacee D. PELTZ, f/k/a Stacee D. Snyder, f/k/a, Stacee D. Eaton, Plaintiff–Appellant,**

v.

**Michael J. SHIDLER, individually; Michael J. Shidler & Associates, P.C., a Colorado professional corporation; Ann Poe Mitchell, individually; and Ann Poe Mitchell, P.A., a Florida professional association, Defendants–Appellees.**

No. 96CA1178.

Colorado Court of Appeals, Div. I.

July 24, 1997.

Rehearing Denied Sept. 11, 1997.

Certiorari Denied Feb. 23, 1998.

Bartholomew & Cristiano, Francis V. Cristiano, Denver, for Plaintiff–Appellant.

Bucholtz & Bull, P.C., Alan H. Bucholtz, Denver, for Defendant–Appellee Michael J. Shidler.

White and Steele, P.C., William F. Campbell, Joseph R. King, Denver, for Defendant–Appellee Ann P. Mitchell.

Opinion by Judge PLANK.

In this professional negligence action, plaintiff, Stacee D. Peltz, appeals from summary judgments entered in favor of attorney-defendants, Michael J. Shidler, individually, and Michael J. Shidler & Associates, P.C. (Shidler) and Ann Poe Mitchell, individually, and Ann Poe Mitchell, P.A. (Mitchell). We affirm.

In 1993, plaintiff was named as a defendant in a Florida action for breach of contract and fraud. She retained Mitchell to defend her. Plaintiff then moved to Colorado and retained Shidler to represent her in federal bankruptcy court.

Plaintiff notified Mitchell that, instead of defending the Florida action, she was filing a petition in bankruptcy. Mitchell's motion to withdraw from that action was thereafter approved by the Florida trial court.

In January 1994, the Florida action proceeded to trial. Plaintiff did not appear. Judgment based on the fraud claim was entered against her for $50,000 in compensatory damages plus costs.

In July 1994, after retaining other counsel, plaintiff filed a bankruptcy petition in Colorado. The Florida judgment was listed in her schedule of debts filed with the bankruptcy court.

In October 1994, the prevailing party in the Florida action filed a claim seeking to have the fraud judgment against plaintiff classified as a nondischargeable debt. The bankruptcy court granted summary judgment in favor of plaintiff, whose scheduled debts were then discharged on November 1, 1995.

In January 1996, plaintiff filed the underlying action against Mitchell and Shidler. Seeking attorney fees, costs, and other general damages for having to defend the dischargeability of the Florida judgment, plaintiff claimed that defendants failed to advise her of the negative consequences of failing to appear at trial in the Florida action.

In April 1996, summary judgment was granted in favor of Shidler. The trial court found that plaintiff had no legal right to maintain her claim against Shidler because it became a part of her bankruptcy estate.

In June 1996, summary judgment was granted in favor of Mitchell. Finding the order as to Shidler to be the law of the case, the trial court found that plaintiff had no legal right to maintain her claim against Mitchell because it also became a part of her bankruptcy estate.

This appeal followed.

## I.

Plaintiff contends that the trial court's summary judgments were based on an erroneous finding that her malpractice claims against defendants are property of her bankruptcy estate. We disagree.

■ Whether an interest is property of a bankruptcy estate within the meaning of the bankruptcy code is a federal question to be decided by federal law, but in determining what interests in property the debtor has at the time of filing, the court must look to state law. *In re Dawson*, 52 B.R. 444 (Bankr. N.D.Ala.1984). *See also In re Tomaiolo*, 205 B.R. 10 (Bankr.D.Mass.1997) (both state law and federal decisions apply in determining whether a malpractice claim is includible in the estate).

### A. State Law

Summary judgment is appropriate if there is no genuine issue as to a material fact and the moving party is entitled to judgment as a matter of law. *Ogunwo v. American National Insurance Co.*, 936 P.2d 606 (Colo. App.1997).

Here, the trial court found the following to be undisputed facts: that the alleged professional negligence by Shidler occurred in 1993 when Shidler advised plaintiff that a fraud judgment would not be entered by default in Florida; that a fraud judgment for $50,000 was entered in Florida in 1994; that plaintiff had knowledge of the Florida judgment by February 1994; that plaintiff retained other counsel to file her bankruptcy, which was filed July 1994; and that plaintiff did not list her malpractice claim against these defendants in her bankruptcy schedules. These facts are supported by the record and are not contested on appeal.

Because plaintiff knew in February 1994 that a fraud judgment had been entered against her after she was allegedly told that such a judgment would not or was unlikely to be entered, the trial court concluded that a "[a] reasonable person would certainly at that point be aware of a potential claim."

The trial court then held that plaintiff had no legal right to pursue her claims against defendants because such claims were based on pre-petition negligence and thus became a part of her bankruptcy estate.

On appeal, plaintiff claims that, under state law, she had no cause of action against defen-

dants at the commencement of her petition in bankruptcy. She asserts that defendants' negligence caused damages only to her post-bankruptcy assets and that she was not aware of, and thus did not begin to accrue damages from, such negligence until the Florida judgment was contested as nondischargeable in October 1994, approximately four months after she filed a petition in bankruptcy.

Every action must be prosecuted in the name of the real party in interest. C.R.C.P. 17(a). The real party in interest is the party who, by virtue of the substantive law, has the right to invoke the aid of the court to vindicate the legal interest in question. *Miller v. Accelerated Bureau of Collections, Inc.*, 932 P.2d 824 (Colo.App.1996). Only the bankruptcy trustee has standing to assert claims that are property of the estate. *Gavend v. Malman*, 946 P.2d 558 (Colo.App. 1997).

To determine whether plaintiff's state court legal malpractice suit was property of the estate, we must first determine whether, under applicable state law, she could have raised the claim as of the commencement of the bankruptcy case. *See In re Allen*, 179 B.R. 818 (Bankr.E.D.Texas 1995).

To establish a *prima facie* case of legal malpractice, a client must show that the attorney breached a duty of care owed to the client and that the client suffered damages as a result of the breach. *Fleming v. Lentz, Evans, & King, P.C.*, 873 P.2d 38 (Colo.App. 1994).

The statute of limitations for a legal malpractice action commences running at the time the client discovers, or through use of reasonable diligence should have discovered, the negligent act of the attorney. The focus is on a plaintiff's knowledge of facts that would put a reasonable person on notice of the general nature of damage and that the damage was caused by the wrongful conduct of an attorney. *Morris v. Geer*, 720 P.2d 994 (Colo.App.1986).

Once a client becomes aware of the attorney's negligence and incurs damage in the form of legal fees to ameliorate the im-

pact of that negligence, he or she has suffered injury for the purpose of accrual of a legal claim. If the evidence clearly shows that the client discovered or should have discovered the negligent conduct as of a particular date, the issue may be decided as a matter of law. *Palisades National Bank v. Williams*, 816 P.2d 961 (Colo.App.1991); *see also* § 13-80-108(1), C.R.S. (1987 Repl.Vol. 6A) (cause of action for injury to person, property, reputation, possession, relationship, or status shall be considered to accrue on the date both the injury and its cause are known or should have been known by exercise of reasonable diligence).

Here, a judgment was entered against plaintiff in Florida after Mitchell allegedly failed to advise her of such a consequence and after Shidler allegedly informed her that such a judgment would not enter in her absence. Plaintiff claims that neither defendant informed her that her absence from the Florida proceeding would cause a debt to accrue which might be noncontestable and nondischargeable in bankruptcy.

However, the record indicates that plaintiff relied on defendants' allegedly negligent advice, failed to appear at the Florida proceedings, knew of the Florida judgment at least by February 1994, and then incurred additional legal fees to hire other counsel for purposes of filing her petition in bankruptcy in July 1994.

Thus, plaintiff suffered damages and had notice well before filing her bankruptcy petition that she had relied upon erroneous legal advice as to the Florida action. Having such notice, plaintiff should have known, by exercising reasonable diligence, that defendants may have breached their duty of care by failing to advise her of other damaging legal consequences, such as the nondischargeability of the Florida judgment.

Although plaintiff subsequently incurred additional legal fees to defend the dischargeability of the Florida judgment, we conclude that, under state law, she could have raised her malpractice claim at the commencement of her bankruptcy case.

### B. Federal Law

Assets from services performed by an individual debtor after the commencement of the

case are excluded from the bankruptcy estate. 11 U.S.C. § 541(a)(6) (1994). However, the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) (1994).

Such interests include causes of action. Further, the trustee in bankruptcy acts as representative of the estate, with the capacity to sue and be sued, and a debtor has no standing to pursue such causes of action. *See Bauer v. Commerce Union Bank,* 859 F.2d 438 (6th Cir.1988), *cert. denied sub nom., Bauer v. Waldschmidt,* 489 U.S. 1079, 109 S.Ct. 1531, 103 L.Ed.2d 836 (1989); 11 U.S.C. § 323(b) (1994).

When the trustee is unaware of an accrued right of action and, as a consequence, it is neither abandoned nor administered in the bankruptcy nor the subject of a court order, it remains the property of the estate. A discharged debtor thus lacks legal capacity subsequently to pursue an unscheduled claim simply because a trustee, without knowledge of the claim, took no action with respect to it. *See* 11 U.S.C. § 554(d) (1994); *First National Bank v. Lasater,* 196 U.S. 115, 25 S.Ct. 206, 49 L.Ed. 408 (1905).

However, a bankruptcy court has the power to reopen the bankruptcy to administer previously unadministered assets, *see* 11 U.S.C. § 350(b) (1994), and the trustee retains the capacity to bring suit. 11 U.S.C. § 323(b) (1994).

Claims such as that present here have been included in the bankruptcy estate under various theories. *See In re Ellwanger,* 140 B.R. 891 (Bankr.W.D.Wash.1992) (bankruptcy estate includes prepetition malpractice claim, which at filing was contingent upon dismissal of debtor's appeal from adverse ruling); *In re Dow,* 132 B.R. 853 (Bankr. S.D.Ohio 1991) (bankruptcy estate includes malpractice claim for alleged negligent preparation of schedules filed with petition because 11 U.S.C. § 541(a)(1) (1994) refers to the debtor's property interests "as of" case commencement).

Claims accruing prepetition for purposes of the relevant statute of limitations have been held to be property of the estate.

*In re Wischan,* 77 F.3d 875 (5th Cir.1996). However, these holdings do not stand for the proposition that such accrual is a requirement for claims to become estate property. It is sufficient for estate inclusion purposes that the claim have prepetition roots. *In re Tomaiolo, supra.*

Here, plaintiff's claims of professional negligence are based upon defendants' prepetition conduct. Although subsequent legal costs to ameliorate that alleged negligence were incurred post-petition, plaintiff's cause of action against these defendants is sufficiently rooted in her pre-bankruptcy past to be includible in her bankruptcy estate. *See In re Tomaiolo, supra.*

Consequently, the trial court did not err in finding that plaintiff's claims against defendants are property of her bankruptcy estate and that, thus, plaintiff does not have standing to bring this action. Hence, summary judgment was properly entered. *See Ogunwo v. American National Ins. Co., supra.*

Plaintiff's remaining contentions are without merit.

Judgments affirmed.

CRISWELL and MARQUEZ, JJ., concur.