25CA0983 Clark v Holt 04-30-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0983
Routt County District Court No. 24CV4
Honorable Billy-George Hertzke, Judge

---

Karl Holt,

Plaintiff-Appellee,

v.

Savanna Clark,

Defendant-Appellant.

---

JUDGMENT AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division III
Opinion by JUDGE HARRIS
Dunn and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 30, 2026

---

Elenz & Strom, Don McLaughlin, Sara R. Strom, Steamboat Springs, Colorado,
for Plaintiff-Appellee

Savanna Clark, Pro Se

¶ 1    Defendant, Savanna Clark, appeals the judgment entered in favor of plaintiff, Karl Holt, on his breach of contract claim. We affirm.

## I.    Background

¶ 2    Because Clark did not provide a transcript of the bench trial, we recount the facts based on the documentary evidence and the trial court's findings.

¶ 3    In January 2023, B.M. Ltd., an entity wholly owned by Clark, entered into a contract to purchase real property from CO MGD Holdings (MDG). The contract required an earnest money deposit of $20,000, which B.M. Ltd. paid with a check drawn on the account of SLClark LLC and signed by Clark. The earnest money was deposited into an escrow account at Land Title Guarantee Company (escrow agent). The contract did not close.

¶ 4    In March 2023, Clark, this time in her individual capacity, entered into a second, substantially similar contract with MGD for the sale of the property. The March contract also required a $20,000 earnest money deposit. The trial court later found that although the circumstances were somewhat unclear, "the $20,000

1

paid by Clark's company in January became the earnest money under the March [c]ontract."

¶ 5 Under the March contract, Clark could purchase the property with a conventional loan, but not seller or private financing. If she intended to obtain a loan, she had to apply by April 5, 2023, and "exercise reasonable efforts" to secure it.

¶ 6 On April 5, 2023, Clark submitted a loan application to Mountain Valley Bank. The bank requested tax returns, a copy of the March contract, and other documents. Clark did not timely provide any of the requested documents.

¶ 7 In late April, the bank denied Clark's loan request, explaining that it could not "make a credit decision" "due to [the] incomplete application." Clark then sent MGD a notice of termination, citing her inability to obtain a loan.

¶ 8 The March contract provided that in the event of a buyer default, the seller was entitled to retain the earnest money as liquidated damages. After Clark terminated the contract, each party claimed entitlement to the earnest money.

¶ 9 In October 2023, the escrow agent notified the parties that it would release the earnest money, deposited in connection with the

January contract, to Clark on February 10, 2024, unless, by that date, it received documentation that a lawsuit had been initiated. Before the February deadline, though, the escrow agent informed the parties that its notice should have referenced the March contract instead. Accordingly, the escrow agent issued a second notice, informing the parties that it would release the earnest money to Clark unless a lawsuit was initiated by May 15, 2024.

¶ 10 On February 27, 2024, Holt, as the assignee of MGD, filed a complaint, naming Clark and the escrow agent as defendants. The escrow agent deposited the disputed earnest money into the court's registry and, in April 2024, before Clark was served with a copy of the complaint and summons, the trial court dismissed the escrow agent from the lawsuit.

¶ 11 The parties proceeded to a bench trial. The contested issue was whether Clark breached the March contract by failing to make reasonable efforts to obtain a loan, thereby entitling Holt to the earnest money.

¶ 12 In her defense, Clark argued that she had fulfilled her contractual obligations by timely applying for a loan and, in any event, the earnest money was paid in connection with the January

3

contract, so Holt could not receive the money as a remedy for breach of the March contract.

¶ 13    In an exceptionally clear and concise order, the trial court found in favor of Holt.

¶ 14    The court reasoned that "[a]n ordinarily prudent borrower would have submitted the requested documents to complete the loan process." Citing evidence that Clark had not done so, the court found that she breached the March contract by failing to make "reasonable efforts" to obtain the loan.

¶ 15    As for the earnest money, the court determined that the $20,000 deposited for purposes of the January contract had impliedly become the earnest money for the March contract when both parties proceeded under that contract, "treat[ing] [it] as valid and binding."

## II.    Clark's Appellate Issues

¶ 16    On appeal, Clark raises numerous issues, most in a conclusory manner. As we explain below, we discern no error by the trial court.

- Holt had standing to enforce the contract and was the real party in interest, *see* C.R.C.P. 17(a), by virtue of

4

MGD's assignment of the claim to him. *See Platte Valley Mortg. Corp. v. Bickett*, 916 P.2d 631, 633 (Colo. App. 1996) ("An assignee of a claim is a real party in interest.").

- In determining whether Clark breached the March contract, the trial court did not impose a "success requirement." The court correctly determined that Clark had to make "reasonable efforts" to obtain a loan, *see Reid v. Pyle*, 51 P.3d 1064, 1067 (Colo. App. 2002) (when a party's obligation depends on the occurrence of a contingency within its control, the party must exercise reasonable diligence to bring about that contingency), and found that she had not. In the absence of a trial transcript, we must presume that the court's finding is supported by the evidence. *In re Marriage of Beatty*, 2012 COA 71, ¶ 15.

- Upon a finding that Clark breached the March contract, Holt, as MGD's assignee, had a right to the earnest money. The court found that the parties impliedly agreed that the $20,000 earnest money deposit made in

connection with the January contract would serve as the earnest money deposit required under the March contract. Clark does not explain why that finding is clearly erroneous, *see May v. Petersen*, 2020 COA 75, ¶ 10 (appellate court reviews trial court's factual findings for clear error), and we presume that it is supported by the record, *see Marriage of Beatty*, ¶ 15.

- Because Holt's claim arose from the March contract and the trial court found that the March contract was valid and enforceable, Holt's complaint was timely filed within 120 days of the escrow agent's second notice.

- The trial court properly denied Clark's pro se motion to intervene filed on behalf of SLClark LLC.[1] In Colorado, a limited liability company, even one that qualifies as a "closely held entity," "must be represented by a licensed

---

[1] Intervention under C.R.C.P. 24 is not the same thing as joinder of an indispensable party under C.R.C.P. 19. To the extent Clark argues that the trial court was required to join SLClark LLC as an indispensable party, we conclude that she waived that argument by failing to raise it in the trial court. *See, e.g., Karakehian v. Boyer*, 900 P.2d 1273, 1280 (Colo. App. 1994), *aff'd in part and rev'd in part on other grounds*, 915 P.2d 1295 (Colo. 1996).

6

attorney," unless the amount in controversy does not exceed $15,000. *Weston v. T & T, LLC*, 271 P.3d 552, 556-57 (Colo. App. 2011) (quoting *Keller Corp. v. Kelley*, 187 P.3d 1133, 1136 (Colo. App. 2008)); § 13-1-127(2)(a), C.R.S. 2025.

- The escrow agent's early dismissal from the lawsuit did not violate Clark's due process rights. She had notice of the claim against her and a full opportunity to litigate her entitlement to the earnest money. *See Synan v. Haya*, 15 P.3d 1117, 1119 (Colo. App. 2000) (due process requires that a party receive adequate notice of the proceeding and an opportunity to be heard).

- The trial court considered Clark's testimony that she tried to borrow money from her family, but it properly concluded that those efforts did not satisfy her obligation under the March contract, which specifically precluded private financing of the purchase price. As for the court's exclusion of a mortgage lender's testimony, we cannot review that claim without a transcript. *See People v. Shifrin*, 2014 COA 14, ¶¶ 121-123 (an appellate court will

not review the trial court's evidentiary rulings if the appellant fails to provide a transcript).

- Finally, even assuming the cumulative error doctrine applies to civil cases, *but see Scott R. Larson, P.C. v. Grinnan*, 2017 COA 85, ¶ 79 (noting that the doctrine "has not been extended to civil cases" (citation omitted)), it does not apply here because we have concluded that the trial court did not commit any errors, *People v. Grant*, 2021 COA 53, ¶ 76.

### III.  Appellate Attorney Fees and Costs

¶ 17    Holt requests appellate attorney fees and costs under C.A.R. 39.1 and the March contract's fee-shifting provision.

¶ 18    The March contract provides that "in the event of any . . . litigation relating to this Contract . . . the . . . court must award to the prevailing party all reasonable costs and expenses, including any attorney fees, legal fees and expenses."  Because Holt is the prevailing party on appeal, he is entitled to reasonable appellate attorney fees and costs.  *See Ahluwalia v. QFA Royalties, LLC*, 226 P.3d 1093, 1102 (Colo. App. 2009) (when contract contains a fee-

shifting provision, prevailing party on appeal is entitled to appellate attorney fees and costs).

¶ 19    However, the trial court is better situated than us to address the amount of such an award.  Therefore, we exercise our discretion under C.A.R. 39.1 to remand the case for the trial court to determine and award a reasonable amount of attorney fees and costs incurred on appeal.

## IV.    Disposition

¶ 20    The judgment is affirmed, and the case is remanded to the trial court for an award of reasonable appellate attorney fees and costs to Holt.

JUDGE DUNN and JUDGE MOULTRIE concur.